[S. F. No. 3020.   Department One.—November 25, 1904.]

HENRY GIBSON et al., Appellants, v. MANETTA HAMMANG, etc., Respondent.

ACTION TO ANNUL DEED—COSTS.—An action to annul a deed made by a testator in her lifetime to the defendant, brought by the heirs at law who were devisees under the will, is an action involving the title to the land in question, and where plaintiffs recover part of the property sued for, they are entitled to costs as a matter of right, under section 1022 of the Code of Civil Procedure.

ID.—MOTION TO AMEND DECREE.—Where the decree for the plaintiffs improperly disallowed costs to the plaintiffs, a motion may be properly made by the plaintiffs, under section 663 of the Code of Civil Procedure, to amend the conclusions of law and to vacate that part of the judgment disallowing costs, and to enter judgment for costs in their favor.

APPEAL from part of a judgment of the Superior Court of Santa Clara County disallowing costs.   A. L. Rhodes, Judge.

---

[1] 36 Am. Rep. 50.

The facts are stated in the opinion.

W. C. Kennedy, and Will M. Beggs, for Appellants.

William A. Bowden, for Respondent.

CHIPMAN, C.—Action to annul a deed to certain lands. Plaintiffs had judgment. They appeal from that part of the judgment which denied them their costs of suit.

Respondent's contention is, that "in this class of cases the allowance of costs is a matter of discretion to be exercised by the trial court." (Citing Code Civ. Proc., sec. 1025.; *Abram* v. *Stuart*, 96 Cal. 235; *Irvine* v. *Perry*, 119 Cal. 352; *Bathgate* v. *Irvine*, 126 Cal. 149;[1] *Senior* v. *Anderson*, 130 Cal. 290, and other cases.)

Appellants claim that the action involved the title or possession to real estate, and that plaintiffs were entitled to their costs as matter of right under section 1022 of the Code of Civil Procedure.

Plaintiffs and defendant are children of Sarah Gibson, now deceased, who in her lifetime (in April, 1896) conveyed certain real property situated in Los Gatos, California, and certain other real property situated in the city of Omaha, Nebraska, to defendant by two separate deeds of gift. It is alleged in the complaint, and found by the court, that at the time of these conveyances Mrs. Gibson was advanced in years and that her mental and physical powers were somewhat impaired; that she was under the care and control of defendant, who had great influence over her; and that the conveyances of said real property were upon the understanding that its purpose was to prevent any of the children of Mrs. Gibson from procuring a conveyance from her of said lands, and that the defendant should hold the title to said property for the use of her mother, and that she should reconvey to her the title whenever requested so to do, and that defendant would support her mother during her natural life. It also appeared that Mrs. Gibson died testate in April, 1897, and the plaintiffs and defendant were her heirs at law and the devisees of her will, and that her will was admitted to probate April 30, 1897; that prior to her death, and

[1] 77 Am. St. Rep. 158.

not long after making said conveyances, she demanded of defendant that she reconvey said lands to her, but defendant refused to do so. The title to the property was alleged and found to be in defendant by virtue of said conveyances, but the conclusion of law from the findings was, that "plaintiffs are entitled to judgment to the effect that the said deed of conveyance of the Los Gatos property be annulled and adjudged to be void, but without their costs of suit in this action expended." The conveyance of the Omaha property was not referred to in the judgment.

The foregoing is sufficient to illustrate the character of the action. Section 1022 of the Code of Civil Procedure provides that "Costs are allowed, of course, to the plaintiff, upon a judgment in his favor in the following cases: 1. In an action for the recovery of real property; . . . 5. In an action which involves the title or possession of real estate." In an action other than those mentioned in section 1022, costs may be allowed or not, in the discretion of the court. (Code Civ. Proc., sec. 1025.) The pleadings, findings, and judgment all go to show that the action involved the title to the land in question, and although plaintiffs recovered as to part of the land only, they were entitled to their costs as matter of right. In the recent case of *Sierra Water etc. Co.* v. *Wolff*, 144 Cal. 430, which was an action to quiet title, it was held that the question of costs does not depend upon the form or nature of the action,—whether legal or equitable,—but depends rather upon the fact whether the case comes within the terms of the statute relating to costs,—namely, section 1022 of the Code of Civil Procedure. It was also held that because plaintiffs in that action recovered judgment for part only of the land in controversy did not change the fact that they had judgment in their favor.

Plaintiffs moved the court under section 663 of the Code of Civil Procedure to amend the conclusions of law, and to vacate that part of the judgment disallowing their costs of suit, and to enter judgment for their costs. Such motion is authorized by the code provision, *supra*. (*Shafter* v. *Lacy*, 121 Cal. 574.)

It is advised that the case be remanded, with directions to set aside that part of the judgment relating to costs, to correct the conclusions of law, conforming to the foregoing

opinion, and to amend the judgment by awarding costs to plaintiffs, and, as thus amended, the judgment to stand affirmed.

Gray, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the case is remanded, with directions to set aside that part of the judgment relating to costs, to correct the conclusions of law, conforming to the foregoing opinion, and to amend the judgment by awarding costs to plaintiffs, and, as thus amended, the judgment will stand affirmed.

Angellotti, J., Shaw, J., Van Dyke, J.