[S. F. No. 5006.   Department One.—February 25, 1909.]

## ADELLA PETITPIERRE, Appellant, v. MICHAEL MAGUIRE et al., Respondents.

EASEMENT IN STREET OR WAY—SUBDIVISION OF TRACT—SALE OF LOTS BOUNDING ON WAY—ESTOPPEL OF GRANTORS.—When the owner of a small tract of land subdivides the same into two equal lots, leaving a street, avenue, way, court, or cul-de-sac half way between them, opening on a public street, and sells and grants such lots as bounding on the same, designated as an avenue or street, he covenants to a grantee thereof or his successors, that it is such, and they are entitled to the use thereof as an easement or right of way for purposes of travel, light, and air, and as a means of ingress and egress to their respective lots, and the grantor will not thereafter be heard to deny the same as against the grantee or his successors.

ID.—SIZE OF TRACT AND NAME OR NATURE OF STREET OR WAY IMMATERIAL.—It is immaterial that the tract subdivided was only two hundred and seventy-five feet by one hundred feet, and that the two lots granted were one hundred and twenty feet by one hundred, and that the street between them is a mere cul-de-sac thirty-five feet by one hundred. If the boundary described in the grant is in fact a way, it is immaterial whether it is called a way, street, avenue, lane, road, place or court.

ID.—CUL-DE-SAC DESCRIBED AS "AVENUE OR STREET"—MODE OF OPERATION OF RIGHT OF WAY IMMATERIAL.—When the cul-de-sac is described in the grant as "Linden Avenue or Street," and each lot is bounded thereon, the grantee and his successors have a right of way therein; and it is immaterial whether it be deemed to operate as an implied grant, covenant, warranty, or estoppel, binding on the grantor, his heirs or assigns.

ID.—RULE OF REFERENCE IN DEED TO PUBLIC STREET OR HIGHWAY INAPPLICABLE.—The rule that a mere reference by way of description to a public street or highway does not convey an easement nor create an estoppel is inapplicable to a grant bounded on a way established by the owner on his own land for the benefit of his grantee and successors in interest; and in such case it is immaterial to the easement or right of way, that the land is bounded thereby, and not granted to the center of the way.

ID.—EFFECT OF DEED BOUNDED ON WAY—PLAT SHOWING SUBDIVISION OF TRACT.—The deed of the two lots bounded on the way located on the grantor's land constituted a plat showing the subdivision of the tract divided by "Linden Avenue or Street," described therein, and the rights of the grantee under the deed are the same as they would have been if the owner had made and filed in the recorder's office a plat of the land showing the two lots with "Linden Avenue or Street"

dividing the same, and the purchase and grant was made according to such plat.

ID.—PRIOR RECOVERY BY GRANTOR OF CUL-DE-SAC AGAINST CITY IMMATERIAL.—The prior recovery by the grantor of the right to the cul-de-sac as against the city in which the land is situated is not material in the determination of the private rights of way of the grantees based on their later deeds from the grantor.

ID.—RIGHTS ACQUIRED BY GRANT—NON-USER OR WAY OF NECESSITY IMMATERIAL.—Rights of way acquired by grant cannot be lost by non-user, nor is it essential to the existence thereof, that the easement granted should be a way of necessity, and afford the only means of access to the parcels of land granted.

ID.—LAND CLAIMED AS HOMESTEAD—DEED BY HUSBAND AND WIFE—BURDEN OF EASEMENT IN FAVOR OF GRANTEE.—The fact that the land granted was claimed as a homestead is immaterial, when the land granted as bounded by the avenue or street therein described was executed and duly acknowledged both by husband and wife. The husband and wife may create the burden of an easement by their joint deed duly acknowledged, as well as to abandon the homestead thereby, and the effect of such deed so far as the easement in the avenue or street is concerned, is the same as if there were no homestead.

ID.—IMMATERIAL EVIDENCE.—*Held*, that no material or prejudicial errors occurred on the trial, in the admission of evidence over the objection of the appellant.

ID.—RIGHT OF APPELLANT TO COSTS ON TRIAL—MODIFICATION OF JUDGMENT.—Where it appears that appellant owned the fee in the avenue or street as the successor in interest of the deceased husband and wife subject to the easement, and the defendants had taken issue as to such title, appellant was entitled to recover costs on the trial, but the judgment may be modified as to such costs without reversal, or allowing costs of the appeal to the appellant.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

Milton Shepardson, Garber, Creswell & Garber, and R. F. M. Soto, for Appellant.

Campbell & Baldwin, Edmund Tauszky, Hugo K. Asher, and Andrew G. Maguire, for Respondents.

ANGELLOTTI, J.—This is an appeal by plaintiff from a judgment and order denying a new trial, in an action brought

by her to quiet her title to a lot of land in the city and county of San Francisco.

The material facts of the case can be more easily understood with the aid of the following diagram:—

N.
Hayes Street.

Van Ness Avenue.

100    48

120   B.   120

35   A.   35    D.   275

100

120   C.   120

100    48

D.

Block 69,
Western
Addition.

Polk Street.

Fell Street.
S.

The land in controversy is the strip thirty-five by one hundred feet marked "A" on this diagram. On August 16, 1860, Elihu F. Baldwin was the owner of the portions of block 69 marked A, B, C, and D, a parcel fronting two hundred and seventy-five feet on Van Ness Avenue, with a uniform depth of one hundred and forty-eight feet on Hayes and Fell streets, and was then residing on the same with his wife and daughter. On that day, he and his wife duly selected the said property as a homestead, in the manner required by law. On November 18, 1863, Baldwin and his wife, by a deed duly executed and acknowledged by both of them and duly recorded, sold and conveyed to one Bartlett the portion marked "D," and this deed contained the following provision: "with the understanding that whenever Linden Avenue, a street thirty-five (35) feet wide, running east and west through the center of block No. 69 is opened for travel, it shall be opened so as to

divide the premises hereby conveyed, leaving an equal portion north and south of said street." On December 29, 1863, Baldwin and his wife, by a deed duly executed and acknowledged by both and duly recorded, sold and conveyed to one John H. McCloskey, the portions marked B and C, describing them as follows:—

"First. Commencing on the northeasterly corner of Van Ness Avenue and Fell Street; thence running easterly along the northerly line of Fell Street one hundred (100) feet; thence northerly parallel with Van Ness Avenue, one hundred and twenty (120) feet *to the southerly line of Linden Avenue or Street; thence westerly along said line of Linden Avenue or Street one hundred (100) feet to the southeasterly corner of Van Ness Avenue and Linden Avenue or Street;* thence southerly along the easterly line of Van Ness Avenue one hundred and twenty (120) feet to said northeasterly corner of Van Ness Avenue and Fell Street, the point of beginning. Being a portion of 50 vara lot No. 3, in block 69, Western Addition.

"Second. Commencing on the southeasterly corner of Van Ness Avenue and Hayes Street; thence running easterly along the southerly line of Hayes Street one hundred (100) feet *thence southerly, parallel with Van Ness Avenue, one hundred and twenty (120) feet to the northerly line of Linden Avenue or Street; thence westerly along said line of Linden Avenue one hundred (100) feet to the easterly line of Van Ness Avenue;* thence northerly along said line of Van Ness Avenue one hundred and twenty (120) feet to said southeasterly corner of Van Ness Avenue and Hayes Street, the point of beginning. Being a portion of 50 vara lot No. 4, in block 69, Western Addition."

The italics are ours.

The defendant B'nai B'rith Endowment Fund Association has succeeded to all of McCloskey's interest so far as the property firstly described in said deed is concerned, being the portion marked "C," and the defendants Maguire have succeeded to all of his interest so far as the property secondly described is concerned, being the portion marked "B." Baldwin died January 15, 1878, and his wife died September 12, 1899, and plaintiff is the successor in interest of all property left by both of them.

On December 18, 1863, eleven days before the execution of the McCloskey deed, a judgment was duly given and made in the district court of the fourth judicial district, in an action wherein Baldwin was plaintiff and the city and county of San Francisco was defendant, by which it was adjudged that Baldwin was the owner of the portion marked "A," and quieting his title thereto against said city and county, and enjoining said city and county from making or asserting any claim thereto.

The evidence showed that the Baldwins resided on the portion of the block composed of parts "A," "B," and "C" until the sale to McCloskey, when they left it. Since the McCloskey deed, the portion marked "A" has not been inclosed on the Van Ness Avenue side, and the same has constituted a blind alley or cul-de-sac, encircled on three sides by a board fence. It was originally used by the Maguires as a means of access to the rear of a coal shed built on "B" and which has a back door fronting thereon, and the windows in the rear of the barn on "B" opened thereon. During recent years it has not been used to any great extent as a means of access to any of the property fronting thereon, but has been used both by occupants of "B" and "C" as a place for dumping manure and keeping wagons and other articles, and for a long time was occupied by a man who used it for mixing loam for sale to people in the neighborhood. During the last two years, a small office building on "C" had its front door facing on "A," 40 inches east of Van Ness Avenue, and still further east is a sliding door to permit access by teams to "C."

The foregoing constitute all the facts that can reasonably be claimed to be material in view of the findings of the trial court. Plaintiff was found to be the owner of "A," subject only to the ownership by the defendants Maguire and B'nai B'rith Endowment Fund Association, as the successors in interest of McCloskey, of a right of way over the same for purposes of travel, light, and air, and as a means of ingress to and egress from their respective lots.

We think it necessarily follows that upon the facts stated, in view of the language used in the McCloskey deed, he and his successors acquired as against the grantors and their successors, the right to the use of "A" as a street or way.

It appears to be thoroughly settled that where an owner of land sells the same as fronting on or bounded by a certain

space designated in the conveyance as a street or way, which he also owns, he covenants that the same is a street or way, and will not be heard thereafter to deny it as against his grantee or his successors. In Jones on Easements, section 227, the rule is declared as follows: "That an owner of land does acquire an interest in the street abutting on his property, where the conveyance of such property to such owner bounds the property by the street, and where the grantor owned the fee of the street, even though the conveyance excludes the fee of the street, separate and distinct from the right of the public to use the street as a public road or highway, is clear upon principle, and is settled by authority, and such right arises from the implied covenant in the deed, when it conveys the property bounding it by the street, that there is a street, and that, so far as the property of the owner of the fee in the street is concerned, such parts of the street as abut on the property conveyed shall remain open as a street for light, air and right of access to such abutting property. This . . . is a right that binds and controls the grantor's interest in the street, whatever it may be, and gives to the grantee the right to insist that the grantor or those claiming under him shall not so use his interest in the street as to interfere with this right or easement acquired by the implied covenant contained in the grant. If the boundary is in fact a way, it is immaterial whether it is called a way, or a street, avenue, lane, road, place or court. The grantor in either case is estopped to deny the existence of the way for the benefit of the grantee." This is the established rule in California. It was declared in *Breed* v. *Cuningham*, 2 Cal. 361, to be firmly established. It was applied in *Kittle* v. *Pfeiffer*, 22 Cal. 484, where the description in a mortgage, subsequently foreclosed, as follows: "Commencing at the southeast corner of Stockton and Francisco streets; running thence easterly 122 feet 6 inches to Belle Air Street; thence southerly along Belle Air Street 122 feet 6 inches to Pfeiffer Street; thence westerly along Pfeiffer Street to Stockton Street; thence to the place of beginning," was held to give to those claiming under the mortgage, as against the mortgagors and their successors, the right, appurtenant to the lot described in the mortgage, to use the spaces designated as Belle Air Street and Pfeiffer Street as streets, and to prevent any obstruction

thereof. In that case, it appeared that neither the city and county of San Francisco nor the public had ever accepted these streets, and that they had never been opened or used as streets or highways. It was held in that case to be immaterial whether the description was such as to carry the fee to the center line of the designated street or only to the side-line, "because," as the court said, "the plaintiff has a right of action, whether he is vested with the fee or only a right of way." The general rule, as was said by the Oregon supreme court in *Lankin* v. *Terwilliger*, 22 Or. 97, [29 Pac. 268], "rests upon the fact that the grantor, by describing the land as bounded by a way, when he is the owner of the soil under the way, intends thereby to confer upon the grantee, as appurtenant to the granted premises, the right to use such way, and whether it be deemed to operate as an implied grant, covenant, warranty, or estoppel, binding on the grantor, his heirs or assigns, is immaterial."

It is sought by appellant to bring the case within the limitation declared in some cases that a mere reference to a road or way for purposes of description solely, as any other mark or monument might be referred to, does not convey an easement in such road or way or raise any estoppel on the owner. Whatever the extent of this limitation may be, we are clear that it is not applicable here. We say this without regard to the decision in *Kittle* v. *Pfeiffer*, 22 Cal. 484, where the description was practically the same as the description in the case at bar, so far as this question is concerned. The effect of the descriptions in the McCloskey deed was unmistakably to bound the parcels conveyed, one on the north and one on the south, by the strip thirty-five feet wide dividing the same, declared by the grantors to be a street. It was not a case of reference to a public highway established and marked on the ground or on any map or survey, or to an abandoned public highway, for there had never been any such establishment or marking anywhere, and the reference could in no degree aid in the identification, and cannot be held to have been inserted for that purpose. Upon the conceded facts of this case, the language used by the grantors in that deed was a plain, straight declaration that the strip thirty-five feet wide dividing the two parcels conveyed was and should continue to be, so far as their grantee and his successors were con-

cerned, a street, and is susceptible of no other construction. The cases principally relied upon in this connection by learned counsel for appellant were all cases in which there was some basis for the conclusion that the street or highway was referred to for purposes of description only.

Upon the facts stated, the case appears further to fall within the well-settled rule that where one lays out a tract of land owned by him into lots and makes a plan thereof showing streets, and sells, according to such plan, lots as bounding on such streets without any limitation, he irrevocably devotes such portions marked as streets, so far as the grantees and their successors are concerned, to use as streets. It can make no difference that the tract so subdivided is small, consisting as here of only one lot two hundred and seventy-five by one hundred feet (see *Stone* v. *Brooks,* 35 Cal. 489), or that the street shown is a mere cul-de-sac. (Id.) The deed to McCloskey itself constituted a plat showing the subdivision by the owners of this land into two lots divided by a street to be known as Linden Street, and a sale according to such plan. It cannot be doubted that McCloskey's rights under the deed were the same as they would have been had the owners prior to the sale to him made and filed in the recorder's office a plat of this land showing these two lots with Linden Street dividing the same. and he had purchased according to such plat. (See *Prescott* v. *Edwards,* 117 Cal. 298, [59 Am. St. Rep. 186, 49 Pac. 178].)

The fact that the descriptions run simply to and along the northerly and southerly lines of Linden Avenue respectively, instead of to the center thereof, is not at all significant, either in the determination of the question of the intent of the grantors or the effect of the deed so far as the right of the grantee and his successors to use the street is concerned. As is suggested by respondents, there is no inconsistency between an intent not to grant the fee of a parcel of land, and the intention to grant certain rights against that fee. The reference to Linden Avenue is the same in this regard as are the references to Van Ness Avenue and Hayes and Fell streets, as to each of which the reference is to the easterly, southerly, and northerly lines respectively, which renders wholly inapplicable what is said in regard to a similar point in *Neely* v. *Philadelphia,* 212 Pa. 551, [61 Atl. 1096], cited by appellant.

And as was said in *Kittle* v. *Pfeiffer,* clearly it is immaterial so far as the right to use the property as a street is concerned, whether the grantee acquired the fee in Linden Avenue, or only a right of way for street purposes under the rule we have discussed. We cannot see that the judgment of December 18, 1863, of Baldwin against the city and county of San Francisco is at all material in the determination of the private rights of the defendants based on their later deeds from the Baldwins. It is suggested that the deed to McCloskey did not define the extent of the tract over which the rights for street purposes should exist, but we think it did so with the greatest particularity. The rights of defendants not having been acquired by enjoyment but by deed, could not be lost by mere non-user. (*Currier* v. *Howes,* 103 Cal. 431, 437, [37 Pac. 521].) Of course, it is not essential to the existence of the alleged rights of defendants that the land in controversy should afford the only means of access to their several parcels of land. They are not claiming a way by necessity, but one given them by grant.

Much reliance is placed by appellant on the fact that at the date of the McCloskey deed, the whole property, A, B, and C, constituted the homestead of the Baldwins, and that such homestead has never been abandoned. We are unable to see anything in the homestead statutes or decisions cited by appellant that renders this fact of any avail to her in this case. The statute then provided that "no alienation, sale, conveyance or mortgage or other lien of or upon the homestead property shall be valid or effectual for any purpose whatever, unless the same be executed and acknowledged by the wife, if the owner be married, and the wife be a resident of this state, in the same manner as provided by law in the case of the conveyance by her of her separate real property." (Stats. 1862, p. 519.) The McCloskey deed, as we have said, was so executed and acknowledged by the wife, and thus fully complied with the requirements of this provision. There was absolutely nothing in the statute that prohibited, even by inference, the subjecting of the homestead property or any portion thereof to any kind of a claim or burden, provided the instrument creating the claim or burden was executed and acknowledged by the wife in the manner declared by this provision. The precise question here presented was presented

in *Kittle* v. *Pfeiffer,* 22 Cal. 484, where the mortgaged premises, together with the alleged streets referred to in the description, constituted the homestead of the mortgagors. The mortgaged premises were sold on foreclosure of such mortgage, and the question was as to the rights of the purchasers at the foreclosure sale and their successors, in said alleged streets. Disposing of the claim based on the fact of homestead, this court said: "The mortgage was duly executed and acknowledged by the wife, and she and her husband were parties to the suit for its foreclosure. The homestead claim, so far as it relates to the property covered by the mortgage, is barred by the decree of foreclosure and sale and deed under it. This right of way passed to the purchasers as one of the appurtenances of the lot, and is therefore equally free of the claim of homestead." We see no distinction material to the question between the homestead statute that was in effect at the time of the execution of the Pfeiffer mortgage, and that in effect at the time of the McCloskey deed. It is true that the statute of 1862 contained a provision as to the method by which a homestead might be "abandoned," which does not appear to have been contained in the original act, but we are not confronted here with the question of abandonment. We are satisfied that under the homestead law in force at the date of the McCloskey deed, any instrument duly executed and acknowledged by the husband and wife in the manner required by that law, is to be given the same force against the homestead property affected thereby, as it would be given if there were no homestead and the instrument was duly executed by the owner thereof.

Various errors are alleged to have been committed on the trial, but they are all immaterial and without prejudice, in view of the conclusion of the trial court, and the undisputed evidence upon which that conclusion rests. The Bartlett deed admitted in evidence over the objection of appellant could not have affected the result so far as the findings as to the private rights of defendants based on the McCloskey deed are concerned. The same is true of certain official maps and resolutions of the supervisors of the city and county of San Francisco made subsequent to the McCloskey deed, designating or referring to Linden Avenue as a street, received in evidence over the objection of appellant. These were undoubtedly ad-

mitted solely on the issue of public highway, as to which defendants did not prevail. Judgments of dismissal in two actions brought by the executrices of Baldwin against the defendants Maguire and the predecessor of the other defendant were received in evidence over the objection of appellant, but the trial court found that neither of these judgments constituted a bar to this action. If there was any error in admitting them, the error was, therefore, harmless. The same is true as to the rulings in rejecting certain evidence offered by plaintiff to show that these judgments were not given on the merits.

The judgment provides that none of the parties herein recover any costs in this action from any of the other parties herein. Plaintiff's final point is that inasmuch as she was decreed to be the owner of the fee, the defendants having denied her alleged ownership, she was entitled to her costs as a matter of right under the provisions of section 1022, of the Code of Civil Procedure. Defendants make no reply to this contention, which appears to be fully sustained by the cases of *Sierra Union etc. Co.* v. *Wolff,* 144 Cal. 430, [77 Pac. 1038], and *Gibson* v. *Hammang,* 145 Cal. 454, [78 Pac. 953].

The judgment is hereby modified by striking out the provision "that none of the parties herein recover any costs in this action from any of the other parties herein," and inserting in lieu thereof the following: "That plaintiff recover from the defendants her costs in this action," and as so modified, the judgment is affirmed. The order denying a new trial is affirmed. Appellant shall not recover her costs on these appeals.

Shaw, J., and Sloss, J., concurred.

Hearing in Bank denied.