[Civ. No. 1244.    Third Appellate District.—July 28, 1914.]

H. A. WELLER, Appellant, v. R. M. BROWN et al., Respondents.

DEED—RESERVATION OF STRIP OF LAND FOR EASEMENT—INTERPRETATION OF COVENANT.—Where the grantors of a strip of land are owners of the land on either side of the strip, a covenant in the deed that the strip is not to be used for building purposes, but is to be held by the grantee until the city needs it for a public street, when he will convey it to the city upon payment to him of the amount he has paid the grantors therefor, while not sufficient to effect a dedication of the strip as a public street, is sufficient, as between the parties, to constitute a reservation in favor of the owners of the adjoining lands of such rights as they would have in a public street, and also as a reservation to them of a negative easement prohibiting the erection of any building on the strip.

ID.—FORMER DECISION ON APPEAL—LAW OF CASE.—The former decision on this appeal embodies the law of the case and is controlling on this appeal, although on the second trial the deed was reformed by adding to the covenant, limiting the use of the land to a public street, a contemporaneous oral agreement as to the holding· of the land for the city.

ID.—COSTS IN SUIT TO QUIET TITLE—RIGHT OF PLAINTIFF TO RECOVER.—Where the only material issue, in a suit by a grantee of the strip to quiet title, is the existence of an easement in favor of the defendant, as to which judgment is awarded him, the plaintiff, though adjudged to be the owner of the fee, is not entitled to costs.

APPEAL from a judgment of the Superior Court of Mendocino County and from orders refusing judgment on findings and retaxing costs.   J. Q. White, Judge.

The facts are stated in the opinion of the court.

Mannon & Mannon, for Appellant.

Preston & Preston, for Respondents.

BURNETT, J.—On June 15, 1906, respondent, Louisa M. Brown, (wife of her codefendant), being the owner of a tract of land in Fort Bragg, Mendocino County, conveyed to appellant by a grant deed a strip sixty feet wide extending across the entire width of her tract and leaving her with a parcel adjoining it on each side, all three parcels fronting on

Main Street. The deed was in the usual form purporting to convey the absolute title, except that it contained the following clause: "It is hereby mutually agreed between the parties of the first part and the party of the second part that the above described land is to be used as a public street and not as a lot for building purposes."

An action was brought by plaintiff to quiet his title to this strip and a judgment was rendered in his favor in the superior court of said Mendocino County, but this was reversed by the supreme court and the cause remanded for a new trial. (*Weller* v. *Brown*, 160 Cal. 515, [117 Pac. 517].) Before the action was tried again plaintiff amended his complaint, alleging that by reason of a mistake as to the legal effect of the language of said deed it did not correctly express the intention of the parties to the contract, in that it was no part of the agreement that the respondents should have any interest in the land conveyed by them.

By stipulation, the original answer of the respondents was considered as their answer to the amended complaint and it was further agreed that any additional allegations in the amended complaint should be deemed denied.

Afterwards the court found: "III. That the said plaintiff agreed to pay to the said defendants and the said defendants agreed to accept the sum of four hundred and fifty dollars in gold coin of the United States for said lot, and plaintiff agreed not to use said lot for building purposes, but that he would buy it and pay for it and hold it until the city needed it for a street, and when said city repaid him the consideration he was to pay defendants for the land, he would convey it to said city for a public street and that no other or further agreement was made between plaintiff and the defendants herein in relation to said land.

"IV. . . . That plaintiff did not then or there or at any other time or place claim to be acting for, by or on behalf of the public, nor did he take said deed from the defendant Louisa M. Brown for the land in controversy with the understanding or agreement, whether duly or regularly made or otherwise, that the said land in controversy should be or become a public street or highway for public use or travel unless and until the city repaid plaintiff the consideration he paid defendants therefor, or that the same should be or become an easement appurtenant to the remaining lands so owned by

said defendant Louisa M. Brown, whether for the purpose of ingress or egress thereto or therefrom, unless the facts found in paragraph III hereof taken in connection with the situation of the land in controversy as herein found reserved to defendant Louisa M. Brown such rights as a matter of law; that the right to travel or use said land in controversy is not necessary but is convenient for the use or occupation by said defendant Louisa M. Brown of the lands she owns that adjoin the land in controversy.

"V. That at the time of the execution of said deed and thence up to the 7th day of August, 1911, the plaintiff supposed and believed that the said deed expressed the true agreement of the parties thereto, as set out in paragraph III of these findings, but that on said last mentioned day the supreme court of the state of California decided that the language of said deed, as a matter of law, reserved to the said defendants all of the rights in the lot thereby conveyed which they would have were it a public street; that it was never agreed between the parties to said deed that the defendants or either of them should reserve all or any of the rights in said lot which they would have were it a public street, and that the reservation of such rights was inserted in said deed by mistake as to the true legal meaning of the clause thereof in this paragraph above quoted, and that therefore the said deed did not and does not express the true agreement of the parties thereto; unless the facts found in paragraph III hereof taken in connection with the situation of the land in controversy as herein found reserved to defendant Louisa M. Brown such rights as a matter of law.

"VI. That the failure of said deed to express the true agreement of the parties arose from a mistake as to the legal effect of the language contained in said deed and quoted in paragraph V of these findings; that plaintiff at the time of accepting said deed and at all times up to August 7, 1911, supposed that he knew and understood the legal effect of the language used in said deed and that such legal effect was to express the true agreement of the parties as set forth in paragraph III of these findings; that the defendants did not make the same mistake as to the legal effect of said deed as did said plaintiff, but that they and each of them knew of plaintiff's said misapprehension of the law as to such legal effect at the time of executing said deed, but that said defendants did not

nor did either of them at that time or at any other time, rectify plaintiff's said misapprehension of the law.

"VII. That plaintiff was at the time of the commencement of this action, ever since has been and now is the owner, seized in fee, in the possession and entitled to the possession, of all of the lot of land described in paragraph III of these findings, subject to the right of the defendant Louisa M. Brown by virtue of the said deed; that the public at large has no right to travel over or to use the said land in controversy or any part thereof as or for a public street or highway."

As conclusions of law the court found: "That plaintiff is entitled to a decree of this court reforming the said deed so as to express the true intention of the parties thereto by striking therefrom the words 'is to be used as a public street and not as a lot for building purposes,' and by inserting in lieu thereof the words 'is not to be used as a lot for building purposes, but is to be held by the party of the second part until the city of Fort Bragg needs it for a street, and when said city repays said party of the second part the sum of four hundred and fifty dollars, said party of the second part will and shall convey the land hereby conveyed to said city for a public street,' and that said reformation should take effect as of the date of said deed.

"That the defendant Louisa M. Brown is entitled to judgment that she is the owner of an easement for a right of way over the land described in paragraph III of these findings with the right to ingress and egress thereon, being the same rights that she would have in said land in controversy if the same were a public street, and that said easement is appurtenant to the remaining lands of the said defendant.

"That the plaintiff is entitled to a judgment declaring that he is the owner and seized in fee, in the possession and entitled to the possession, of all the land in paragraph III of the findings of fact described, subject to the said right and easement of the said defendant Louisa M. Brown therein, as hereinabove set forth."

While the deed was reformed, as we have seen, there seems to be no appreciable difference in legal effect between the decisive findings here and those at the former trial. Then it was found by the court: "That at the time of the execution and delivery of said deed, and concurrently therewith, the plaintiff verbally agreed with the defendants that he would

pay to them the full value of said land and hold possession of the same. That if the city of Fort Bragg could be induced to buy said land and dedicate it to street purposes, the plaintiff would deed said land to said city upon receipt by him of the amount he paid defendants therefor, and that then, and not till then, the same might become a public street.

"That no further or other agreement was ever had or entered into between the plaintiff and defendants or between plaintiff and either of the defendants respecting the lands in controversy or the use thereof."

The deed itself provided that "the above described land is to be used as a public street and not as a lot for building purposes." In reforming the deed, however, the court added to the above-mentioned covenant virtually said oral agreement, so that the deed now contains substantially and almost identically the language of the former written and also the oral covenant as to the use of the land. In other words, the whole agreement was formerly set forth, partly in the deed and partly in parol, but now it appears in the deed itself. The meaning and effect, however, of the completed covenant have not been changed and no different construction of the contract of the parties is permissible.

But in the opinion of the supreme court in the former appeal, written by Mr. Justice Sloss, it was said: "The question to be decided is whether the deed read in connection with these circumstances existing at the date of its execution, reserved to the grantors any interest in the land conveyed," and, after considering the nature of said restrictive covenant in the deed, the opinion proceeds: "Apart, however, from the various considerations above suggested, there still remains a way by which the restrictive words of the deed may be given effect, that is, by construing them as intended to reserve an easement in the land granted for the benefit of the remaining and adjoining land of the grantors," and the court holds that this is the natural and reasonable conclusion to be drawn from the facts found and that, while the agreement would not of itself effect a dedication of the strip as a public street, it was sufficient as between the parties "to constitute a reservation in favor of the owners of the adjoining land of such rights as they would have in a public street, and further to reserve to them a negative easement prohibiting the erection of any

building upon the strip." As to the effect of said oral agreement, which is now a part of the deed, it was declared that "it shows no more than that an immediate dedication to the public was not contemplated" and that it "may be given full effect without setting aside the covenant restricting the grantee's use of the land pending a purchase by the city."

We look upon this decision of the supreme court as embodying the law of the case and controlling on this appeal.

The findings, as set forth, may be lacking somewhat in precision, but, when properly understood, we think there is no irreconcilable conflict. The declaration "that it was never agreed between the parties to said deed that the defendants or either of them should reserve all or any of the rights in said lot which they would have were it a public street," etc., is modified by the concluding clause of the finding, and, manifestly, means that there was no *express* agreement to that effect.

It is to be observed in this connection that there is no finding that it was not the *intention* of the parties or either of them that the grantors should reserve any rights in the premises. If there were, some embarrassment might be met in the effort to affirm the judgment.

The finding as to the mistake of the grantee means, as we understand, that he believed the covenant as incorporated originally in the deed had the same significance as that now embodied therein by order of the court. The legal effect, however, of the agreement of the parties not having been changed we can see no vital importance in this consideration.

The point is made by appellant that even if the court below properly construed the deed, costs should have been awarded plaintiff, under the authority of *Petitpierre* v. *Maguire,* 155 Cal. 242, [100 Pac. 690], wherein it was held that, under section 1022 of the Code of Civil Procedure, plaintiff was entitled to his costs, it appearing that he was the owner of the land in fee, the defendant having taken issue as to such title. *Sierra Union etc. Co.* v. *Wolff,* 144 Cal. 430, [77 Pac. 1038], and *Gibson* v. *Hammang,* 145 Cal. 454, [78 Pac. 953], were therein cited in support of the ruling.

In the former of these it was held that "where the plaintiff has any judgment in his favor in an action to quiet title,

though it be for only a part of the property, and though the defendant has judgment in his favor for the residue, the plaintiff is entitled, under the terms of the statute, to recover his costs, as of course.''

In the Gibson case the action was to annul a deed made by a testatrix in her lifetime to defendant and was brought by the heirs at law who were devisees under the will, and it was held that it was an action involving the title to the land in question and that plaintiffs were entitled to their costs since they recovered part of the property sued for.

We do not think, however, that these cases are controlling here.

Construing the answer as a whole, we find that the only material issue was as to the existence of the easement in favor of defendant Louisa M. Brown, for a right of way and as to this the judgment was in favor of said defendant. There would be, therefore, as much reason for invoking section 1024 of the Code of Civil Procedure in favor of said defendant as said 1022 in favor of plaintiff. At any rate, we think the court was justified in striking out plaintiff's cost-bill. The judgment and order are affirmed.

Chipman, P. J., and Hart, J., concurred.