[Civ. No. 47094. Second Dist., Div. Four. June 14, 1976.]

NATIONAL COMPUTER RENTAL, LTD., Plaintiff and Appellant, v. BERGEN BRUNSWIG CORPORATION, Defendant and Respondent.

**COUNSEL**

Marvin Zinman for Plaintiff and Appellant.

Sheppard, Mullin, Richter & Hampton and William A. Masterson for Defendant and Respondent.

## OPINION

**KINGSLEY, Acting P. J.**—Plaintiff appeals from a judgment in an action for breach of contract that awarded it less than the amount sued for. For the reasons set forth below, we affirm the judgment.

Plaintiff is in the business of leasing computer equipment. Defendant is a major user of such equipment. On October 5, 1972, the parties entered into an agreement whereby plaintiff leased to defendant, for a period of 24 months, a complex of computer equipment for use by defendant at its facility in Raleigh, North Carolina. The equipment involved consisted of an IBM basic computer unit, a Fabric-Tec memory core, and various tape discs and tape drives. The agreement provided for a rental of $9,150 per month, with a right in defendant to terminate the lease after 12 months by paying the difference between $9,150 per month and $10,850 per month for the number of months that the equipment was used by defendant. In July of 1973 defendant considered with plaintiff exercising defendant's option to terminate. Extended negotiations were carried on between the parties, acting through a broker (P & A), whereby defendant sought to secure either a waiver of the obligation to pay the agreed fee for termination or a reduction in the amount of that fee. During those negotiations, plaintiff at one time agreed to reduce the fee if defendant would keep the Fabric-Tec core. It also developed, during the course of those negotiations, that defendant was a competitor for a contract with the State of Pennsylvania to provide a computer complex to that state. Plaintiff was interested in supplying to defendant the equipment that would be needed if that contract resulted. Finally, on September 13, 1973, plaintiff prepared and sent to defendant, through the broker, a proposed amendment to the original lease. That proposed amendment read as follows:

"AMENDMENT #2 TO LEASE AGREEMENT DATED OCTOBER 5, 1972, BETWEEN BERGEN BRUNSWIG DATASERVICE CO., (LESSEE) AND NATIONAL COMPUTER RENTAL, LTD. (LESSOR)

"1. The equipment covered by Lease Agreement dated October 5, 1972 and Amendment #1 dated October 25, 1972, will be released on January 10, 1974. All penalties associated with the discontinuance are removed.

"2. The equipment shown on Schedule 'B' (attached), will be rented for a minimum term of twenty-four (24) months at a monthly rental of $7,400.

"3. In addition, the Fabric-Tec core presently installed on the 360/30, under the existing lease, is to be retained by Bergen for an additional twelve (12) months at a monthly rate of $650 per month.

"4. All other terms and conditions of the Lease Agreement shall remain unchanged."

Defendant hesitated to execute the proposed amendment because its terms bound defendant to lease the additional equipment, whether or not defendant secured the Pennsylvania contract.

Defendant was negotiating with other suppliers of computer equipment to secure bids for the equipment necessary to fulfill the Pennsylvania contract when, and if, it was awarded to defendant. Plaintiff's bid was somewhat higher than its competitors but defendant concluded that, with a waiver of the termination fee, plaintiff was close enough in its bid to be acceptable as the supplier. Plaintiff was anxious to be first in line to supply the equipment if defendant secured the Pennsylvania contract. Ultimately, plaintiff, through the broker, communicated to defendant an oral agreement whereby plaintiff agreed: (1) That defendant's obligation to lease the additional equipment was dependent on securing the Pennsylvania contract; and (2) that the waiver of the termination fee would stand even though the defendant, because it had not received the Pennsylvania contract, did not lease the additional equipment. With that assurance, on September 21, 1973, defendant signed the proposed amendment as drafted.

Defendant did not get the contract and, on October 7, 1973, so advised plaintiff. Later, at plaintiff's request, defendant agreed to release to plaintiff the Fabric-Tec core involved in the third paragraph of the amendment.

On April 1, 1974, plaintiff sued defendant seeking three items of recovery: (1) $4,123.60 unpaid rent for the Raleigh equipment; (2) $884 taxes due under the original agreement; and (3) $22,100 termination fee. Defendant admitted the first two items, but denied obligation for the fee. After trial to the court, plaintiff was denied

recovery of the termination fee, but was granted judgment for the unpaid taxes and rent, in the amount of $5,007.60, less an attorney fee to defendant of $2,000, leaving a net judgment to plaintiff of $3,007.60. Plaintiff has appealed; we affirm.

## I.

The pertinent findings by the trial court relative to the dispute over the termination fee are as follows:

"7. On or about September 21, 1973, plaintiff and defendant entered into an oral and written agreement. By reason of the execution and performance of such oral and written agreement, the following separate factual matters are found to have taken place:

"(a) By reason thereof, plaintiff and defendant mutually rescinded the Lease insofar as defendant was obligated to pay to plaintiff a termination fee and discharged defendant from that obligation.

"(b) By reason thereof, plaintiff and defendant made and entered into a novation, insofar as defendant was obligated to pay to plaintiff a termination fee and discharged defendant from that obligation.

"(c) By reason thereof, plaintiff waived all provisions of the Lease relating to the alleged obligation of defendant to pay a termination fee and thereby discharged defendant from that obligation."

Those findings are amply supported by the record.

Contrary to statements in plaintiff's brief on appeal, the trial court had before it extrinsic evidence concerning the intent of the parties when the amendment was executed on September 21, 1973. Its determination that the parties intended that paragraph 1 of that amendment, containing the waiver, stands independent of the other two paragraphs is a factual finding beyond our power to review. Since the oral agreement preceded the execution of the written contract, its admission did not violate the parol evidence rule. Plaintiff itself not only agreed to, but demanded, the elimination of paragraph 3. It has never denied that the failure of defendant to secure the Pennsylvania contract excused performance of the literal terms of paragraph 2. Plaintiff cannot complain that the trial court found that paragraph 1 was intended to be

read literally and that the parties intended it to be severable from the other two paragraphs.

## II.

■ Plaintiff contends that the trial court erred in its award of attorney fees to defendant. We disagree. As the trial court found, defendant had, in conformity with section 998 of the Code of Civil Procedure, duly tendered the unpaid rent and that tender had been rejected because plaintiff was demanding the other two items of its claim. Liability for the unpaid rent and the taxes was never litigated at the trial, which proceeded only on the termination fee issue.

It is agreed that, under section 1717 of the Civil Code, as construed by the cases, the attorney fee clause in the lease inured to the benefit of the "prevailing party" in the trial court. We have found no cases directly in point regarding the meaning of "prevailing party." However, in *Weller* v. *Brown* (1914) 25 Cal.App. 216, 222 [143 P. 251], plaintiff sued to quiet title to a strip of land. Defendant claimed an easement over that strip. The judgment quieted title to the land in plaintiff, but subject to defendant's easement. The court held that the defendant, and not the plaintiff was the "prevailing party." Although that case dealt with the statutes on costs, we regard its definition of "prevailing party" to be applicable here.[1] Defendant prevailed on the only issue in the case; it is the "prevailing party" within the meaning of section 1717, even though plaintiff nominally holds a judgment for an amount never disputed and never litigated.

The judgment is affirmed.

Dunn, J., concurred.

**JEFFERSON (Bernard), J.**—I both concur and dissent.

I concur with the majority's holding that the judgment should be affirmed insofar as it denies to plaintiff any recovery on plaintiff's claim for a termination fee. I dissent, however, from the majority's holding that defendant was the "prevailing party" and, hence, was entitled to its attorney's fees and costs.

---

[1] Although ordinarily, as here, attorney fees are awarded as part of a judgment, we held in *T.E.D. Bearing Co.* v. *Walter E. Heller & Co.* (1974) 38 Cal.App.3d 59 [112 Cal.Rptr. 910], that attorneys' fees awardable, as here, to a party not expressly named in the contract, were recoverable as costs.

## THE PAROL EVIDENCE RULE QUESTION

The question at issue with respect to plaintiff's right to a termination fee under the original lease and the written amendment to the lease is dependent upon whether the parties had entered into an oral agreement which did not violate the parol evidence rule. I agree that the trial court was justified in finding that a valid oral agreement had been entered into which subsisted after the execution of the written amendment to the lease. But I part company with the majority with respect to the grounds stated by the majority for sustaining the trial judge's finding on this point.

The majority predicates its affirmance on the theory that "[s]ince the oral agreement preceded the execution of the written contract, its admission did not violate the parol evidence rule." No authority is cited for this astounding principle. If this statement constitutes good law, the parol evidence rule is being abolished by judicial fiat contrary to the decisional law of our California Supreme Court. I cannot join in this method of disposing of the issue before us.

I therefore set forth herein my concept of the principles that make up the rules of law known as the parol evidence rule. There are two aspects of the parol evidence rule that could have application to the case at bench. One aspect relates to the admissibility of extrinsic evidence of prior or contemporaneous oral or written agreements that will tend to vary, modify or contradict a claimed integrated written instrument. A second aspect of the parol evidence rule relates to the question of the admissibility of extrinsic evidence offered to interpret or explain the meaning of a written instrument.

In the case at bench, we are concerned primarily with the first aspect of the parol evidence rule. This principle may be stated as follows: extrinsic evidence of a prior or contemporaneous oral or written agreement that is collateral or additional to an express provision of a written instrument is not made inadmissible by the parol evidence rule if it is shown that the written instrument was *not* intended by the parties to constitute an *integration,* i.e., a final complete expression of their agreement. Nonintegration is established if the collateral or additional term or agreement is either (a) one that might naturally be made as a separate agreement by parties situated as were those executing the written instrument, or (b) is not one that, if made, would certainly have

been included in the written instrument. This test of *nonintegration* of a written instrument which makes admissible extrinsic evidence of a prior or contemporaneous additional or collateral term that will vary, alter or add to a written instrument, was established by *Masterson v. Sine* (1968) 68 Cal.2d 222 [65 Cal.Rptr. 545, 436 P.2d 561].

Under *Masterson,* the parol evidence rule comes into play to bar proof of a prior or contemporaneous additional or collateral agreement that varies or alters an express provision of a written instrument only if the parties have adopted such written instrument as the final and complete expression of their agreement. In such a situation, all prior and contemporaneous oral or written agreements or understandings between the parties are merged into the written document as an integration.

In determining whether the parties have adopted a written instrument as an integration, the trial court must examine and consider three factors: (1) the written instrument, (2) the facts and circumstances surrounding the preparation and execution of the written instrument, and (3) evidence with respect to the collateral agreement. By looking at these three factors and applying the two-pronged test of *Masterson,* the trial judge makes a determination of whether there is an absence of integration to permit proof of the alleged collateral agreement as a valid agreement not barred by the parol evidence rule.

In the case at bench, by applying the *Masterson* rule, there was substantial evidence to support the trial judge's implied finding that the written instrument, to wit, the amendment to the lease, was *not* an integration. Hence, the alleged oral agreement, made prior to the execution of the amendment to the lease, could stand along with the amendment to the lease, as the viable and valid *agreements* of the parties. The oral agreement alleged to have been entered into by the parties to the instant case provided (1) that defendant's obligation to lease additional equipment, as set forth in paragraph two of the amendment to the lease, was made dependent upon whether defendant secured a Pennsylvania contract; and (2) that plaintiff would waive its right to a termination fee in the event of defendant's early termination of the lease, even though defendant did not obtain the Pennsylvania contract so as to be required to lease the additional equipment.

The evidence supports the implied finding of the trial court that this oral agreement is one that might naturally have been made as a separate

agreement by the parties situated as were the plaintiff and defendant in executing the written instrument, to wit, the amendment to the lease. The evidence is also sufficient to support an implied finding that the oral agreement was not one that, if made, would certainly have been included in this written instrument. Hence, the two-pronged test of *Masterson* is satisfied.

The instant case is not unlike that of *Brawthen v. H & R Block, Inc.* (1972) 28 Cal.App.3d 131 [104 Cal.Rptr. 486]. In *Brawthen,* a two-year written employment contract that was automatically renewable unless either the employer or employee gave a 90-day written notice of termination, was held *not* to constitute an integration or final complete expression of the agreement of the parties. Plaintiff in that case, employed under the contract as a branch manager, was held entitled to offer extrinsic evidence that the parties had agreed that plaintiff would not be terminated as long as he performed well on the job. In applying the formula of *Masterson,*[1] *Brawthen* pointed out that the factors of importance were that the purported oral agreement did not expressly contradict the written contract of employment; that the purported oral agreement was one that might naturally be made as a separate agreement; and, also, that it could not reasonably be said that such an oral agreement, if in fact made, would certainly have been included in the written contract.

### THE QUESTION OF WHO WAS THE PREVAILING PARTY TO OBTAIN ATTORNEY'S FEES

In the case at bench, the trial judge determined that defendant was the "prevailing party" and, consequently, was entitled to an award of attorney's fees and its court costs. Contrary to the holding of the majority, I consider that the trial court erred in its award of attorney's fees and costs to defendant. There is no quarrel with the principle that since the lease provided for the payment of attorney's fees, the prevailing party in the litigation—whether it be the plaintiff-lessor or the defendant-lessee—is entitled to an award of attorney's fees. Although the judgment of the trial court was in favor of plaintiff for the two smaller

---

[1] For other cases applying *Masterson* with varying results, see *Birsner v. Bolles* (1971) 20 Cal.App.3d 635 [97 Cal.Rptr. 846]; *Coast Bank v. Holmes* (1971) 19 Cal.App.3d 581 [97 Cal.Rptr. 30]; *Salyer Grain & Milling Co. v. Henson* (1970) 13 Cal.App.3d 493 [91 Cal.Rptr. 847]. See also Jefferson, California Evidence Benchbook (1972) section 32.2, page 568 and (1975 Supp.) section 32.2, page 177.

items of recovery sought by plaintiff, the defendant was held to be the prevailing party because plaintiff did not recover on the third or major item which was involved in the lawsuit. Civil Code section 1717 provides for an award of attorney's fees to the "prevailing party" in any action on a contract which provides for attorney's fees, irrespective of whether the prevailing party is the party specified in the contract to receive such an award.

The holding of the majority that defendant should be deemed the "prevailing party," even though the judgment was in favor of plaintiff, is predicated on the theory that the only real issue litigated in the action was the one item of the termination fee, and on this item the trial court found in favor of defendant. The record below does not support the view of the majority that liability for the two smaller items of unpaid rent and taxes were not litigated at the trial.

The record does show that defendant made an offer under section 998 of the Code of Civil Procedure to pay to plaintiff the sum of $4,123.60, the unpaid rent item. But this offer was made as a total settlement offer of plaintiff's three claims. Defendant did not make any tender or an offer under Code of Civil Procedure section 998 of an amount that would include both the unpaid rent and the item of $884 for taxes due on the leased equipment. Plaintiff's complaint set forth clearly a right of action to recover all three items. The answer filed by defendant denied liability on *all three items*. At no time did defendant file any pleading or other document which admitted liability to plaintiff for the two smaller items. The fact that defendant offered no defense at the trial to the two smaller items cannot be deemed to make defendant the prevailing party under Civil Code section 1717.

The case of *Weller* v. *Brown* (1914) 25 Cal.App. 216 [143 P. 251], relied upon by the majority, does not support the position that defendant should be deemed the prevailing party under section 1717 of the Civil Code. In *Weller,* plaintiff brought suit to quiet title to land. Defendant's answer did not controvert plaintiff's title, but simply alleged the existence of an easement in favor of defendant. The judgment quieted title in plaintiff but was in favor of the defendant as to the easement. *Weller* held that the defendant was the prevailing party for the purposes of an award of costs, but the reasoning of *Weller* puts the emphasis upon the pleadings as the determining factor of what issues are contested. Thus, the court said: "Construing the answer as a whole, we find that the

only material issue was as to the existence of the easement in favor of defendant . . . and as to this the judgment was in favor of said defendant." (*Weller, supra,* 25 Cal.App. 216, at p. 222.)

*Weller* distinguished two California Supreme Court cases. One of these cases is *Sierra Union etc. Co.* v. *Wolff* (1904) 144 Cal. 430 [77 P. 1038]. This was also a case which involved the right to costs, but the principle of the right to costs and the right to recover attorney's fees as the "prevailing party" is substantially the same. In *Sierra,* plaintiffs brought an action to quiet title to certain described property, and defendants in their answer denied that plaintiffs owned *any* interest in any part of the property described in the complaint. The judgment quieted title in the plaintiffs as to a portion of the property, but quieted title in the defendants as to the remaining portion. In holding that plaintiffs, and not defendants, were entitled to costs, the court stated: "That plaintiffs did not recover judgment as to all the land in controversy does not change the fact *that they had a judgment in their favor,* any more than if they had sued for five thousand dollars damages and recovered but one thousand." (*Sierra, supra,* 144 Cal. 430, at p. 433.) (Italics added.)

The second case distinguished in *Weller* was *Gibson* v. *Hammang* (1904) 145 Cal. 454 [78 P. 953]. *Gibson* is similar to *Sierra* in that plaintiffs sought to establish title against defendants as to two parcels of real property. Plaintiffs were awarded a judgment as to only one parcel of property and, relying upon *Sierra,* the court held that plaintiffs were entitled to their costs as a matter of right, the court remarking that *Sierra* had held "that because plaintiffs in that action recovered judgment for part only of the land in controversy did not change the fact *that they had judgment in their favor."* (*Gibson, supra,* 145 Cal. 454, at p. 456.) (Italics added.)

Another case that is instructive on the question of the definition of "prevailing party" is that of *Levy* v. *Ross* (1969) 269 Cal.App.2d 231 [74 Cal.Rptr. 622]. In *Levy,* plaintiffs were claiming in their complaint that, based on defendants' written guarantee, plaintiffs were entitled to recover the sum of $63,250, together with attorney's fees provided for in the written guarantees. In reversing a judgment in favor of the plaintiffs for $2,750, the court points out that defendants, in advance of trial and in their pretrial statement, offered to pay this amount as the only payment due on the guaranteed instrument for which they were liable. The court remarked that "[i]f on retrial it be determined that only this one payment

is due under the guarantee agreement the offer of payment is sufficient upon which to deny allowance of attorneys' fees." (*Levy, supra,* 269 Cal.App.2d 231, at p. 238.)

In the case at bench, had defendant, by its answer or in other appropriate documents filed *before trial,* admitted liability for the two items of taxes and rent, the principle of *Levy* would be applicable and defendant, and not plaintiff, would be entitled to attorney's fees as the prevailing party. *Levy,* however, is significant in holding that if a plaintiff recovers an amount in excess of the pretrial position of a defendant, plaintiff is the prevailing party and is entitled to attorney's fees.

To sustain its view that it was the prevailing party in the instant action, defendant relies upon the cases of *Babcock* v. *Omansky* (1973) 31 Cal.App.3d 625 [107 Cal.Rptr. 512] and *Merlino* v. *Fresno Macaroni Mfg. Co.* (1946) 74 Cal.App.2d 120 [168 P.2d 182]. But neither of these cases is of any assistance to support the trial judge's implied finding that defendant was the prevailing party in the instant litigation.

In *Babcock,* plaintiffs were nonsuited as to defendant Bertha Omansky on a contract cause of action alleged against her, but plaintiffs recovered against Bertha a judgment which set aside conveyances from defendant Leon to her as being fraudulent. Defendant Bertha contended that the trial court erred in failing to award her attorney's fees under Civil Code section 1717. The *Babcock* court held that Bertha's contention was valid and that she was entitled to an award of attorney's fees as the prevailing party. The basis for this holding was that the judgment of nonsuit in Bertha's favor related to a cause of action in contract with respect to a contract which provided for an award of attorney's fees. The court stated that this view was unaffected by the fact that Bertha had not prevailed on the cause of action against her to set aside a fraudulent conveyance, since that action in which she did not prevail was a tort action in which no attorney's fees could be awarded to any party. As contrasted with the case at bench in which plaintiffs recovered judgment against defendant on a contractual cause of action, plaintiffs in *Babcock* obtained no relief at all against defendant Bertha on the contractual cause of action.

In *Merlino,* defendants prayed for affirmative relief in their answer and the trial court found that " 'plaintiffs should take nothing by their complaint, and that defendants are entitled to the affirmative relief prayed for in the answer.' " (*Merlino, supra,* 74 Cal.App.2d 120, at

p. 125.) In rejecting plaintiffs' contention that defendants were not entitled to costs, the *Merlino* court stated that "[t]he implied finding that defendants were the successful or prevailing parties in the action is fully supported. Plaintiffs failed to obtain what they sought in their complaint and defendants obtained the affirmative relief prayed for in their answer." (*Merlino, supra,* 74 Cal.App.2d 120, at p. 125.) In contrast with *Merlino,* defendants in the case at bench did *not* obtain what they sought in their answer to plaintiff's complaint, namely, no liability to plaintiff on any of the three claims sought by plaintiff. On the contrary, plaintiff in the instant case obtained partial recovery against defendant by being successful with respect to two of the items alleged in its complaint.

The *Weller, Sierra, Gibson, Levy, Babcock* and *Merlino* cases all support the view, either directly, or indirectly because of distinguishing facts, that under the circumstances involved in the case at bench, plaintiff, and not the defendant, was the prevailing party under Civil Code section 1717 and, as such, was entitled to an award of attorney's fees and costs. The principle set forth in these cases may be stated as follows: if a defendant is to be deemed a prevailing party in spite of a judgment rendered in favor of plaintiff, the issue on which plaintiff recovered judgment must have been eliminated from the trial as a contested issue by defendant's pleading or by pretrial documents filed by defendant. In the absence of such elimination of the issue upon which plaintiff prevails, it is of no consequence that the judgment constitutes a finding in favor of defendant on other issues, even though such other issues are far more important than the issue on which plaintiff secures a judgment against defendant.

Furthermore, Civil Code section 1717 provides, inter alia, that "[a]s used in this section 'prevailing party' means the party in whose favor final judgment is rendered." Although the cases have not discussed this definition provision in Civil Code section 1717, it cannot be ignored. The definition of "prevailing party" contained in section 1717 does not require that the judgment rendered must give to a party all the relief that he sought under his pleadings in order for such party to come within the definition of a "prevailing party." This construction of the definition of "prevailing party," set forth in Civil Code section 1717, finds support in the *Weller, Sierra, Gibson, Levy, Babcock* and *Merlino* cases. Since, in the instant action, the plaintiff, and not the defendant, is "the party in whose favor final judgment is rendered," plaintiff is the "prevailing party" as that term is defined in Civil Code section 1717 and as that section has been interpreted by the decisional law.

Therefore, I would reverse that portion of the judgment awarding to defendant its costs and the sum of $2,000 as attorney's fees, with instructions to the trial court to award attorney's fees and costs to plaintiff.