[S. F. No. 15320.   In Bank.—September 27, 1935.]

SIBLEY GRADING AND TEAMING COMPANY, LTD. (a Corporation), Appellant, v. EDITH S. CRARY, as Administratrix, etc., et al., Defendants; FRANK F. CHAPMAN et al., Respondents.

Randolph V. Whiting and Henry F. Wrigley for Appellant.

Fred W. Comba for Respondents.

CURTIS, J.—This is an appeal from a judgment in favor of defendants Frank Chapman, Katherine Chapman, his wife, and R. P. Watt, after the sustaining without leave to amend of a general demurrer interposed by said defendants to plaintiff's second amended and supplemental complaint, which pleading we will hereafter refer to as the complaint. This action was brought to recover a personal judgment against the above-named defendants, and C. S. Crary, and the defendant Mercantile Building-Loan Association. Since the commencement thereof C. S. Crary has died and the action against the Mercantile Building-Loan Association has been dismissed. Neither the estate of C. S. Crary nor the defendant Mercantile Building-Loan Association is concerned in this appeal. The action was brought to recover the price of certain labor and use of machinery and equipment furnished by plaintiff and to

foreclose a lien under the mechanic lien laws of this state against certain real property described in said complaint as belonging to said defendants. The complaint alleges that said defendants were the owners of the real property upon which it is sought to impress said lien, and that plaintiff between June 18, 1930, and April 5, 1931, at the special instance and request of said Crary and Watt, furnished labor, machinery, and equipment for use in the construction, extension, building and improving roads, trails, reservoirs and water supply system upon said lands. It is further alleged, ''That in the performance of said work of improvement aforesaid, the said C. S. Crary acted, and was acting as a co-owner and as the agent and representative of all the owners of said property, and the said R. P. Watt was acting as a co-owner and as the agent and representative of said C. S. Crary.'' Then follow allegations as to the agreed and reasonable value of said labor and rental of said machinery and equipment, the amount thereof unpaid and the filing on June 1, 1933, of its claim of lien in the office of the county recorder in which said real property is situated for said amount unpaid. It is also alleged that at the time said claim of lien was filed as aforesaid the said work of construction, extension, building and improving of said roads, trails, reservoirs and water supply system upon said lands had not been completed but was continued to be and was still being carried on and that no notice of completion of said work and improvement of said work had been filed for record. Continuing, it is alleged in said complaint that by agreement of the parties, plaintiff executed dismissals as to certain parcels of said lands without prejudice to plaintiff to prosecute this action against the above-named defendants, and that C. S. Crary prior to his death executed promissory notes covering said indebtedness but said notes were given and accepted merely as evidence of indebtedness and not as payment thereof. The complaint closes with a prayer for a personal judgment against the defendants for the amount due and unpaid, that the same be decreed to be a lien upon said lands and improvements and for a foreclosure of said lien and for general relief.

We think it conclusively appears from the foregoing that plaintiff's complaint states a good cause of action for labor and rental of the equipment and machinery of plaintiff against all of the defendants, including the three respondents.

This being so, the complaint is good as against a general demurrer. The complaint contains express allegations that the labor was performed for and the equipment furnished to the defendants through their agent and co-owner Crary, by the plaintiff, and that defendants failed to pay for the same. While the action purports to be one for the foreclosure of a lien, still if the allegations are insufficient to show the plaintiff entitled to a lien, but do state a good cause of action against the defendants for labor furnished and for rental of equipment, the pleading is not subject to attack by general demurrer. This principle of law is so well established that no citation of authority to support it is necessary.

Defendants' brief is devoted principally to the question as to whether said plaintiff under the allegations of its complaint has shown that it was entitled to a lien upon the real property described therein for the labor and rental of said equipment and machinery. In contending that the allegations of the complaint are insufficient to establish plaintiff's claim to such lien, defendants make the following argument: The complaint shows that plaintiff is an original contractor and that under section 1187 of the Code of Civil Procedure every original contractor claiming a lien must within sixty days after the completion of the contract file his claim of lien; that the complaint shows that plaintiff completed its contract on April 5, 1931, and that it did not file its claim of lien until June 1, 1933, more than two years after it had completed its contract. Therefore defendants contend that the complaint shows that plaintiff failed to file its claim of lien within the time provided by this section of the code. This section further provides for the filing of a notice of completion and that in case said notice is not filed, "all persons claiming the benefit of this chapter, shall have ninety days after the completion of said work of improvement within which to file their claims of lien". Just what bearing these provisions of the section may have upon plaintiff's right to a lien presents a nice question of law. But this question cannot be raised by defendants under their general demurrer and we expressly refrain from passing upon it. Having held the complaint sufficient, whatever discussion we might indulge in relative to these other matters would be mere *dictum*.

Defendants make reference to the fact that plaintiff accepted the promissory notes of C. S. Crary, and intimate

that by so doing the plaintiff waived its right to recover in this action, or at least waived its right to a lien. The complaint states that the notes were taken as evidence of the indebtedness and not by way of payment. The law is clear that such acceptance does not constitute the waiver of plaintiff's right to a lien. Neither would it affect plaintiff's right to a personal judgment against said defendants. (*Hammond L. Co.* v. *Richardson Bldg. etc. Co.,* 209 Cal. 82 [285 Pac. 851]; *Giant Powder Co.* v. *Fidelity & Deposit Co.,* 214 Cal. 639 [7 Pac. (2d) 1023].)

Finally defendants contend that it appears from the face of the complaint that plaintiff's cause of action is barred by the statute of limitations. As defendants' demurrer was a general demurrer, and did not specifically point out this ground, defendants may not avail themselves of the benefit of the statute of limitations. (16 Cal. Jur. 608, 609.)

For the reasons herein stated, the judgment is reversed, with directions to the trial court to overrule the demurrer of the defendants.

Thompson, J., Langdon, J., Preston, J., and Waste, C. J., concurred.