[L. A. No. 27323. In Bank. June 25, 1963.]

GEORGE VINCENT McMAHON, Plaintiff and Appellant, v. REPUBLIC VAN & STORAGE CO., INC., et al., Defendants and Respondents.

872

S. V. O. Prichard for Plaintiff and Appellant.

Robert E. Sease for Defendants and Respondents.

SCHAUER, J.—Plaintiff appeals from a judgment of dismissal of his complaint (first amended) as against demurring defendants Republic Van & Storage Co., Inc. (hereinafter called Republic), and Paul Smith, president of Republic, following the sustaining of their general demurrer thereto without leave to amend. We have concluded that the complaint does not establish that the action is barred by any limitation statute applicable to the demurring defendants, and that the judgment should therefore be reversed.

Plaintiff's original complaint was filed February 6, 1961, and in addition to Republic and Smith named as defendants Majestic Warehouses, Inc. (hereinafter called Majestic), Southern Pacific (Railroad) Company, and three individuals alleged to be coemployes of plaintiff. Thereafter, on August 21, 1961, the first amended complaint was filed against the same defendants.

In both the original and the amended complaint plaintiff

alleges in relevant part: In June 1953 he entered into a shipping order agreement with defendant Majestic, as a freight forwarding agent, for the storage in Chicago, Illinois, and later shipment of plaintiff's household goods and certain other equipment from Chicago to plaintiff's residence in Hawthorne, California; the goods were then estimated to weigh 5,500 pounds. In March 1954 part of plaintiff's goods arrived in Los Angeles via the Southern Pacific Railroad and was delivered to the warehouse of defendant Republic. In April 1954 plaintiff was billed by Republic for $1,770 "for the then represented transportation and storage charges" of defendant Majestic "in addition to $600.00 previously paid to" Majestic by plaintiff, and was informed by Republic and by defendant Smith, its president, "that the total weight shipped was 16,780 pounds" and that plaintiff would be required to pay storage and transportation charges accordingly. The true weight of the shipment was only 5,500 pounds but defendants reported it to be 16,780 pounds with "intent to deceive and defraud" plaintiff. Republic refused to permit plaintiff to examine the shipment for "approximately 24 months after delivery to" its warehouse. Defendants Majestic, Republic and Smith also induced the three individual defendants who were plaintiff's coemployes to "threaten plaintiff with dismissal from his employment . . . unless all of said demanded shipping and storage charges were paid." Plaintiff believed and relied upon the representations and statements, paid the charges demanded, and received delivery of the goods February 7, 1958. On May 10, 1960, plaintiff "learned for the first time that said representations were false and untrue." Plaintiff seeks recovery of $4,400 as alleged fraudulent overcharges by defendants, plus $600 as special damages and $15,000 exemplary damages.

As already related, the demurrer of defendants Republic and Smith to the first amended complaint was sustained without leave to amend, judgment of dismissal was entered in their favor, and this appeal by plaintiff followed.

The minute order of the trial court states: "General demurrer sustained without leave to amend. Cause of action is basically not one of fraud but for overcharges on an interstate shipment of goods. As such it is controlled by the Federal Statute of Limitations in effect at the time of the delivery of the goods on February 7, 1958. The applicable period of

limitation at that time was two years and the cause of action is barred. (49 U.S.C.A. § 16 and §§ 1005 and 1006(a).)"[1]

■ Although under the language of the statute cited an action for overcharges may lie against the carrier and the forwarding agent (see 49 U.S.C.A. § 1002(a)(5) and (7)), that is not true as to defendants Republic and Smith who were not carriers, at least insofar as is shown by this litigation. (49 U.S.C.A. § 1002(c); 93 C.J.S. § 2c, p. 397.) It follows that the federal statute of limitation was inapplicable and the demurrer was not sustainable on the ground specified.

■ Nor do the allegations of the complaint establish that plaintiff's cause against Republic and Smith is barred by the California three-year limitation applicable to actions for relief on the ground of fraud. (Code Civ. Proc., § 338, subd. 4.)[2]

■ In order for the bar of the statute of limitations to be raised by demurrer, the defect must clearly and affirmatively appear on the face of the complaint; it is not enough that the complaint shows merely that the action may be barred. (*Vassere* v. *Joerger* (1938) 10 Cal.2d 689, 693 [2] [76 P.2d 656]; see 31 Cal.Jur.2d 657-658 and cases there cited.)

■ Here, plaintiff alleges that he received delivery of his goods on February 7, 1958. This action was filed February 6, 1961, which was less than three years thereafter. Further, plaintiff alleges that it was not until May 10, 1960, that he learned of the alleged false representations as to the weight of the goods. Although plaintiff also alleges that defendants Republic and Smith refused to allow him to examine his goods for approximately 24 months after delivery to their ware-

---

[1]49 U.S.C.A. § 16(3)): ''(c) For recovery of overcharges action at law shall be begun or complaint filed with the commission *against carriers* subject to this chapter within two years from the time the cause of action accrues, and not after, subject to subdivision (d) of this paragraph, except that if claim for the overcharge has been presented in writing to the carrier within the two-year period of limitation said period shall be extended to include six months from the time notice in writing is given by the carrier to the claimant of disallowance of the claim, or any part or parts thereof, specified in the notice.'' (Italics added.)

'' (g) The term 'overcharges' as used in this section shall be deemed to mean charges for transportation services in excess of those applicable thereto under the tariffs lawfully on file with the commission.''

[2]Code of Civil Procedure section 338, subdivision 4, provides that the three-year limitation statute applies to ''4. An action for relief on the ground of fraud or mistake. The cause of action in such case not to be deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake.''

house in March 1954, thus indicating that inspection was permitted in March of 1956, an allegation of mere inspection does not show clearly and affirmatively that plaintiff at that time had the means or the opportunity to ascertain the true weight. If he did, the fact may of course be pleaded by defendant by way of answer, but is not available as a ground of demurrer where not shown on the face of the complaint.

Our conclusion on this point renders unnecessary a discussion of plaintiff's contention that defendant may not rely on the three-year limitation statute because the demurrer failed to specify that ground. (See *Sibley Grading etc. Co., Ltd.* v. *Crary* (1935) 4 Cal.2d 375, 379 [4] [49 P.2d 823].)

Defendants suggest that the general demurrer is sustainable on a variety of other grounds, each of which was presented to the trial court as a ground of special demurrer for uncertainty. No useful purpose would be served in detailing these points here. Suffice it to say that none of them points out a fatal flaw in the complaint, and that such grounds may again be presented to the trial court if defendants be so advised, in which event plaintiff would have an opportunity to amend to meet, if he could, any objection upheld by that court.

The judgment of dismissal is reversed.

Gibson, C.J., Traynor, J., McComb, J., Peters, J., Tobriner, J., and Peek, J., concurred.