[Civ. No. 29003. Second Dist., Div. Two. June 27, 1966.]

HANNAH B. SAPIN, Plaintiff and Appellant, v. SECURITY FIRST NATIONAL BANK et al., Defendants and Respondents.

Sandy Sapin and Hugo N. Gerstl for Plaintiff and Appellant.

Newlin, Tackabury & Johnston, David H. Massey and Stuart L. Lapp for Defendants and Respondents.

FLEMING, J.—In a complaint filed July 1963, plaintiff pleaded four causes of action relating to a promissory note she and her late husband had signed in 1954. The note recited a promise to pay $6,000 in installments to defendants' predecessor in interest, but the amount and due date of installments and the date installments were to begin had been left blank.[1] In her first three counts (declaratory relief, injunctive relief, and quiet title to real property) plaintiff pleaded an oral

---

[1] "INTEREST INCLUDED No. K 113110
NOTE SECURED BY SECOND DEED OF TRUST
$6,000 La Crescenta, California May 11, 1954

"In installments as herein stated, for value received, I promise to pay to Compton Printing Co., or order, . . . the sum of $6,000 . . . with interest from May 11, 1954, on unpaid principal at the rate of _ _ _ _ _ per cent per annum; principal and interest payable in installments of _____ Dollars . . . beginning on the _____ day of _____, 19_____ and continuing until said principal and interest have been paid. . . . Should default be made in payment of any installment when due, the whole sum of principal and interest shall become immediately due at the option of the holder of this note. . . .

" (signed) Marcy B. Sapin (signed) Hannah B. Sapin
 Marcy B. Sapin Hannah B. Sapin"

promise by the payee at the time of the making of the note not to demand payment until the real property securing the note had been sold and a violation of that promise after the death of the original payee by the successor holders' untimely demands for payment and threats of foreclosure. In her fourth count plaintiff sought to reform the note to reflect the true agreement of the parties at the time of its making.

The trial court entered judgment on the pleadings for defendants, concluding that the first three counts failed to state a cause of action and the fourth count did not overcome the defense of limitations and laches. Plaintiff appeals.

The basic question in the first three counts is whether the terms of the note could be supplemented by proof of the oral promise pleaded by plaintiff. Plaintiff contends she should be permitted to show by parol evidence the true intentions of the parties to an incomplete instrument. (Civ. Code, § 3095, now Com. Code, §§ 3115, 3407, 8206.) She argues that an agreement deferring payment of the note until a sale of its security is consistent with the terms of the note and therefore subject to proof by parol evidence. Defendants argue to the contrary, contending that an oral agreement making the note payable only on the happening of a particular event is inconsistent with the note and excluded from proof by the parol evidence rule.

■ Are the terms of the agreement which plaintiff seeks to prove consistent with the terms of the note? If consistent, the note itself reflects only a partial integration of the understanding of the parties, and parol evidence of a contemporaneous oral agreement is admissible to show the true intent of the parties with respect to the note. (Civ. Code, §§ 1625, 1639; Code Civ. Proc., 1856; *American Industrial Sales Corp.* v. *Airscope, Inc.,* 44 Cal.2d 393, 397 [282 P.2d 504, 49 A.L.R.2d 1344] ; *Mangini* v. *Wolfschmidt, Ltd.,* 165 Cal.App.2d 192, 198-201 [331 P.2d 728].) ■ If inconsistent, the note may not be varied or supplemented by evidence of the parties' contemporaneous oral understandings. (Civ. Code, §§ 1625, 1639; Code Civ. Proc., § 1856; *Oakland Medical Bldg. Corp.* v. *Aureguy,* 41 Cal.2d 521, 523 [261 P.2d 249] ; *Bank of America etc. Assn.* v. *Pendergrass,* 4 Cal.2d 258, 263-264 [48 P.2d 659].) On examining the first three counts of the complaint, we are satisfied that the terms of the agreement as pleaded are inconsistent with the terms of the note. ■ Specifically, the allegation that the principal becomes payable at the time the property is sold is inconsistent with the term of the note specifying pay-

ment of principal in installments; ■ and the allegation that defendants cannot demand payment until the security has been sold is inconsistent with the legal tenor of the note as an unrestricted promise to pay.

■ Since the blanks in the note were not susceptible to augmentation in the form proposed by plaintiff the court was required to construe the note in its existing form. ■ In that form, clearly, the note was an instrument payable on demand because *no time for payment had been expressed.* (Civ. Code, § 3088.)[2] Plaintiff argues that Civil Code, section 3088, merely establishes a rebuttable presumption that a note without a date for payment is a demand note, which presumption she is entitled to counter by the presentation of evidence. However, we think the section establishes a rule of substantive law (*Ellis* v. *Klaff*, 96 Cal.App.2d 471, 476 [216 P.2d 15]), specifically that ". . . the blank for maturity date having been left unfilled it was a demand note." (*Kent* v. *Lampman,* 59 Cal.App.2d 407, 410 [139 P.2d 57] ; *Keyes* v. *Fenstermaker,* 24 Cal. 329, 332.) Payment on demand is a term of the note implied by law, and, as such, its validity cannot be impeached by parol evidence. (*Standard Box Co.* v. *Mutual Biscuit Co.,* 10 Cal.App. 746, 750-751 [103 P. 938] ; *LaFrance* v. *Kashishian,* 204 Cal. 643, 645-646 [269 P. 655].) "The general purpose of [the parol evidence] rule is clearly reflected in the instant case where the payees are deceased and payors are endeavoring to establish some claimed oral contemporaneous agreement with them, contrary to the terms of the written agreement." (*Security-First Nat. Bank* v. *Rospaw,* 107 Cal.App.2d 220, 223 [237 P.2d 76].)

■ When the allegations of a complaint contradict the terms of a note incorporated in that complaint, inconsistent allegations will be treated as the pleader's conclusions and disregarded as surplusage. (*Hill* v. *City of Santa Barbara,* 196 Cal.App.2d 580, 586 [16 Cal.Rptr. 686] ; *Castro* v. *R. Goold & Son, Inc.,* 128 Cal.App.2d 40, 47 [274 P.2d 708].) ■ We agree with the trial court that the complaint failed to state a cause of action in any of its first three counts.

■ These rules for the construction of a written agreement have no application to the fourth count, that for reformation of the note on the ground of mistake, for it is hornbook

[2]That section provides "An instrument is payable on demand [where] no time for payment is expressed." The section was applicable during all transactions here but it has since been replaced by Commercial Code, section 3108, with only minor changes.

law that parol evidence may be used to show a mistake in a written instrument. (Code Civ. Proc., § 1856; *Pasqualetti* v. *Galbraith*, 200 Cal.App.2d 378, 381 [19 Cal.Rptr. 323]; *Sand* v. *Concrete Service Co.*, 176 Cal.App.2d 169, 173 [1 Cal.Rptr. 257].) However, the trial court found that the cause of action for reformation was barred on the face of the pleadings by the three-year statute of limitations and by laches.

An action based on mistake or imperfection in a writing must be brought within three years of the discovery of the mistake. (Code Civ. Proc., § 338, subd. 4.) The complaint states that plaintiff did not discover the mistake until a demand for payment was made upon her. In an action begun in July 1963 neither the statute of limitations nor, so far as appears in the pleadings, laches would prevent the correction of a mistake which remained undiscovered up to July 1960. The complaint pleads that "commencing on or about October 27, 1961, defendants and each of them, have wrongfully and unlawfully requested payment . . . ," but the complaint also pleads that "on or about May of 1960 and at various other times between said date and the present time, plaintiff and her counsel have requested and demanded that defendants, and each of them, refrain from [demanding payment]." Defendants argued, and the trial court agreed, that these allegations showed that plaintiff had discovered the mistake by May 1960, a date more than three years prior to the filing of her complaint, and that accordingly her action was barred by section 338, subdivision 4.

 Although plaintiff's allegations as to the time of the discovery of the mistake were certainly ambiguous, we think she should have been given an opportunity to rectify this ambiguity. Dismissal on the pleadings is analogous to dismissal by general demurrer, and "In order for the bar of the statute of limitations to be raised by demurrer, the defect must clearly and affirmatively appear on the face of the complaint; it is not enough that the complaint shows merely that the action may be barred." (*McMahon* v. *Republic Van & Storage Co., Inc.*, 59 Cal.2d 871, 874 [31 Cal.Rptr. 603, 382 P.2d 875].) The complaint did no more than suggest that the action might have been barred by the statute of limitations. Although the burden was on plaintiff to set forth her cause of action with clarity and precision and plead facts showing why she could not have reasonably discovered the mistake at an earlier date (*Johnson* v. *Ware*, 58 Cal.App.2d 204, 207 [136 P.2d 101]), still plaintiff should have been given an opportunity to

clarify the obscurities of her complaint if she could do so. (*MacLeod* v. *Tribune Publishing Co.*, 52 Cal.2d 536, 542 [343 P.2d 36].) Consequently the judgment on the pleadings for defendants on the fourth cause of action was premature.

 Finally, defendants contend this action has become moot, because after the filing of plaintiff's notice of appeal she paid the full amount of the judgment and obtained cancellation of her note and a reconveyance of her property. But since at that time the property could have been sold under the deed of trust without further proceedings, we think plaintiff paid the note under compulsion in order to safeguard her property. Payment under these circumstances does not forfeit her right to appeal, nor make her case moot. (*Reitano* v. *Yankwich*, 38 Cal.2d 1, 3 [237 P.2d 6].)

In reversing the judgment for defendants on the fourth cause of action we do not suggest the trial court is bound to find the existence of the promise pleaded by plaintiff or conclude that such a promise of forbearance, if made, would remain in effect an indefinite time. Indeed, in the absence of strong evidence to the contrary, the law implies that the note would fall due within a reasonable time, whether or not the property from whose proceeds it was to have been paid had been sold. "Undoubtedly the rule which applies to an obligation which is to be performed when certain property of the obligor is sold is that performance becomes due when a reasonable time has elapsed for the making of the sale. [Citations.]" (*Estate of Baird*, 59 Cal.App.2d 303, 306 [138 P.2d 698].) In any event, it seems probable to us that any promise of forbearance would implicitly be limited to the joint lives of the principal debtors and that the note would become payable on the death of either of them. These are unresolved legal and factual matters which in subsequent proceedings the trial court remains free to consider.

The judgment is affirmed as to the first three causes of action and reversed as to the fourth cause of action. Each party shall bear its own costs.

Roth, P. J., and Herndon, J., concurred.