[Civ. No. 31323. Second Dist., Div. Two. Apr. 17, 1968.]

JAMES W. ADAMS et al., Plaintiffs and Respondents, v. HARRY HERMAN et al., Defendants and Appellants.

Charles L. Lippitt for Defendants and Appellants.

Earl D. Reese for Plaintiffs and Respondents.

ROTH, P. J.—Respondents, owners of an apartment house located at 15470 Moorpark, Sherman Oaks, were desirous of exchanging it for real estate located on Haskell Avenue in Van Nuys. Harry Herman, one of appellants, a licensed real estate broker, was engaged to effect the exchange. It could not be consummated.

The owner of the Haskell property was willing, however, to sell. Herman, to enable respondents to buy the Haskell property suggested to them that they sell the Moorpark property to him and his wife. An agreement, among other things, as part of the consideration from appellants to respondents required delivery of a promissory note in the principal sum of $5,000, without interest, made by appellants to respondents and delivered out of escrow. The due date of said note as written on its face was "Upon resale of . . . Moorpark, . . . after date. . . ."

Appellants took and remained in possession of the Moorpark property for approximately 18 months. During said period it was operated at a loss. Appellants defaulted in payments of taxes and installments on the first and second trust deed. To avoid foreclosure, appellants, on June 9, 1964, quitclaimed and delivered possession of the Moorpark property to the holder of the second trust deed.

Respondents on the theory that the note had become due on June 9, 1964 (date of the quitclaim) sued on the $5,000 note and recovered judgment for the principal, attorneys' fees as required by the note and interest from the date of quitclaim, to wit: June 9, 1964.

Appellants pleaded in defense that the Moorpark property had not been resold. The trial court, predicated on the above facts, held there was a sale.

On the submitted facts as outlined above, appellants contended that the note was payable only out of profits from a resale. There is no such provision in the note, no such provision is included in the escrow instructions or any other agreement, there was no such separate defense pleaded and there is no finding on the subject.

The question is whether the voluntary quitclaim by appellants conformed to the condition "Upon re-sale of . . . Moorpark, . . . after date. . . ." The court in effect found that the quitclaim divested appellants from any further dominion over Moorpark was in effect a resale and held the note became due on the day of the quitclaim, to wit: June 9.

The nature of the transaction, the negotiations of the parties therefor and the language of the agreement consummated are substantial evidence to sustain the finding of the trial court.

The disposition of Moorpark by quitclaim was as complete as if it had been sold at a profit. The contention by appellants that the note was to be paid out of profits and that there were no profits from the disposition of Moorpark with which to pay the note is an implicit admission that the disposition of Moorpark by quitclaim was in fact a resale. There is no evidence to sustain the claim of appellants that the note was to be paid from profits.

If a quitclaim of Moorpark was not a resale, appellants by quitclaiming unless it were at a profit, eliminated their liability on the note. It has been held that when a condition has been fixed for the payment of money and the condition named can never occur, a reasonable time for the performance of the obligation is implied by law.

Thus, in *Bank of America* v. *Engleman,* 101 Cal.App.2d 390, the court said at page 394 [225 P.2d 597] : ''It is the law that where an event has been named as a time for the payment of money and such event can never occur, a reasonable time is by implication fixed as the maturity date of the promise to make payment. [Citing cases.] . . . The . . . note contains not the slightest suggestion that the debtor's obligation was to be contingent on its ability to pay; nor is there any direct evidence or inference to support such claim.''

Furthermore, it has been held that when performance of an obligation is conditioned upon an event of sale with no specific time fixed for a sale, the law will supply the omission by fixing a reasonable time when the circumstances under which the obligation was created inherently indicate that a sale was contemplated within a reasonable time. (*Estate of Baird,* 59 Cal.App.2d 303, 306-307 [138 P.2d 698] ; *Sapin* v. *Security First Nat. Bank,* 243 Cal.App.2d 201, 207 [52 Cal.Rptr. 254].)

The judgment is affirmed.

Herndon, J., and Fleming, J., concurred.