[Civ. No. 28094. First Dist., Div. Two. Oct. 18, 1971.]

J. W. BIRSNER, Plaintiff and Appellant, v.
HELEN ELIZABETH BOLLES, Defendant and Respondent.

## COUNSEL

Farella, Braun & Martel and Jerome Braun for Plaintiff and Appellant.

Schumann & Ziering and William Ziering for Defendant and Respondent.

## OPINION

**TAYLOR, Acting P. J.**—On this appeal by the payee of a promissory note from a judgment in favor of the maker, respondent, on the grounds of the statute of limitations (Code Civ. Proc., § 337, subd. 1), the only question is whether the trial court erred in excluding his proffered parol evidence.

The facts are not in dispute. On April 13, 1961, respondent, who was then 21 years old, executed a promissory note for $7,500 payable to appellant, her adoptive father. The note, on its face, stated that: it was executed for value received; interest would run from January 1, 1966; and it was payable on demand. No time of payment of principal was indicated. The court rejected appellant's offer of proof that: 1) at the time the note was executed, respondent was a senior at the University of California; 2) it was the understanding of the parties that respondent would not be obligated to pay unless and until she received a certain inheritance from her grandmother; 3) in May 1966, respondent became vested of an inheritance more than ample to pay the note; and 4) appellant had made identical

arrangements with an identical note with respect to the education of his adoptive son, Harvey.

The court then held that the note was a demand instrument, payable immediately, and concluded that appellant's instant action filed on November 21, 1967, was barred by Code of Civil Procedure section 337, subdivision 1.

Respondent contends that the trial court's ruling was proper under *Sapin* v. *Security First National Bank,* 243 Cal.App.2d 201 [52 Cal.Rptr. 254]. In *Sapin,* the plaintiff argued that Civil Code section 3088[1] merely established a rebuttable presumption that a note without a date for payment is a demand note that could be countered by the presentation of evidence. In rejecting this contention, the court said at page 205: "However, we think the section establishes a rule of substantive law (*Ellis* v. *Klaff,* 96 Cal.App. 2d 471, 476 . . . , specifically that '. . . the blank for maturity date having been left unfilled it was a demand note.' (*Kent* v. *Lampman,* 59 Cal. App.2d 407, 410 . . .; *Keyes* v. *Fenstermaker,* 24 Cal. 329, 332.) Payment on demand is a term of the note implied by law, and, as such, its validity cannot be impeached by parol evidence. (*Standard Box Co.* v. *Mutual Biscuit Co.,* 10 Cal.App. 746, 750-751 . . .; *LaFrance* v. *Kashishian,* 204 Cal. 643, 645-646 . . . .)"

We find more persuasive appellant's contention that the *Sapin* case had been impliedly overruled by the subsequent decisions of our Supreme Court in *Masterson* v. *Sine,* 68 Cal.2d 222 [65 Cal.Rptr. 545, 436 P.2d 561], *Pacific Gas & E. Co.* v. *G. W. Thomas Drayage etc. Co.,* 69 Cal.2d 33 [69 Cal.Rptr. 561, 442 P.2d 641], and *Delta Dynamics, Inc.* v. *Arioto,* 69 Cal. 2d 525 [72 Cal.Rptr. 785, 446 P.2d 785]. In *Masterson,* the court repudiated the prior California "face of the document rule" and adopted the broader test based on the credibility of the evidence, holding, at page 227: "Evidence of oral collateral agreements should be excluded only when the fact finder is likely to be misled." As standards for the credibility of the evidence, the court applied both the test set forth in Restatement of Contracts, section 240(1)(b), and Uniform Commercial Code section 2-202 [Deering's Cal. Com. Code, § 2202]. The court noted at pages 227 and 228, that the Restatement test permits proof of a collateral agreement if it " 'is such an agreement as might *naturally* be made as a separate agreement by the parties situated as were the parties to the written contract.' " The Uniform Commercial Code test would exclude the evidence in still fewer instances: "If the additional terms are such that, if agreed upon, they would

---

[1]The statute which provided that an instrument is payable on demand when no time for payment is expressed, was repealed by Statutes of 1963, chapter 819, and replaced by Uniform Commercial Code section 3108, effective January 1, 1965.

certainly have been included in the document in view of the court, then evidence of their alleged making must be kept from the trier of fact."

The comment accompanying section 240(1)(b) of the Restatement (at p. 337) explains that although in most cases when parties incorporate an agreement in a writing, it is a reasonable assumption that everything included in the bargain is set down in writing, there are instances where it is so natural to make a separate agreement, frequently oral, in regard to the same subject matter, that the parol evidence rule does not deny the effect to the collateral agreement. The comment continues at page 338: "This situation is especially likely to arise when the writing is of a formal character and does not so readily lend itself to the inclusion of the whole agreement as a writing which is not limited by law or custom to a particular form. Thus, agreements collateral to a negotiable instrument if incorporated in it might destroy its negotiability, and in any event would deprive it of the simplicity of form characteristic of negotiable paper."[2]

The above comment is on all fours with the instant case under the modern version of the parol evidence rule announced in *Masterson* v. *Sine, supra.* In *Masterson,* the document in question was likewise a formal one—a deed expressly reserving to the grantors an option to repurchase. The court noted that a deed did not lend itself to the inclusion of collateral agreements, held that parol evidence was admissible to prove that the parties had agreed to keep the property in the family and the option was, therefore, personal and nonassignable and thus nonexercisable by the trustee in bankruptcy. Similarly, the instant case presents us with a family,[3] (as distinct from a commercial or arms-length) transaction, and a formal document that does not lend itself to the inclusion of collateral agreements. Likewise, here, as in *Masterson, supra,* at pages 228-229, the case is not one in which the parties "would certainly" have included the collateral agreement in the deed.

Nor can we see any merit in respondent's contention that *Masterson* did not involve a substantive rule of law; as noted in the dissenting opinions at page 234, the free transfer of real property interests is substantive (Civ. Code, § 1044; *Mott* v. *Cline,* 200 Cal. 434 [253 P. 718]).

Accordingly, we conclude that the trial court erred in excluding appel-

[2]This comment does not imply that outside oral evidence is admissible to destroy the negotiability of an instrument in the hands of a third party. The comment refers only to the oral proof of additional contractual terms in a controversy between primary parties.

[3]Key facts such as these are viewed by present commentators as realistic and workable guides to integrated documents (see Sweet, *Contract Making and Parol Evidence,* 53 Cornell L.Rev. 1036, at p. 1064).

lant's offer of proof relating to the collateral agreement making the time of payment of the note conditional on respondent's receipt of the inheritance from her grandmother.

The judgment is reversed.

Kane, J., and David, J.,* concurred.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.