Filed 8/22/16 (unmodified opn. attached)

<u>CERTIFIED FOR PUBLICATION</u>

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| REGINALD MITCHELL,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>STATE DEPARTMENT OF<br>PUBLIC HEALTH,<br><br>    Defendant and Respondent. | B265769<br><br>(Los Angeles County<br>Super. Ct. No. BC550911)<br><br>ORDER MODIFYING OPINION<br>AND DENYING PETITION<br>FOR REHEARING<br><br>[NO CHANGE IN JUDGMENT] |

THE COURT*

It is ordered that the opinion filed on July 27, 2016, be modified as follows:

1.  At page 3, second sentence of the second full paragraph, "17" is deleted and replaced with "19."

2.  At page 5, in the first line, "July 9" is deleted and replaced with "July 8."

3.  At page 5, in the third line, "17" is deleted and replaced with "19."

4. At page 9, at the end of the last paragraph after the sentence ending "equitable tolling under *Downs*," add as footnote 5 the following footnote, which will require renumbering of all subsequent footnotes:

[5]After filing our opinion, we received a timely petition for rehearing from the Department. Its main argument is that our opinion "does not account for the legislative history and intent of Government Code section 12965." (Caps. omitted.) The Department provided several documents—described as legislative history materials—not found in the record, which purportedly demonstrate a legislative intent to preclude equitable tolling of the FEHA limitations period beyond the federal right-to-sue period. None of these is cited by the Department in its briefing. It does not seek to take judicial notice of these extrinsic materials, nor does it claim the statute is ambiguous. (See *Coso Energy Developers v. County of Inyo* (2004) 122 Cal.App.4th 1512, 1524 [a court may consider legislative history *if* a statute is ambiguous].) Even were we to consider them, the documents would not alter our analysis. The statutory language, which is the most reliable indicator of legislative intent (*ibid.*), is not ambiguous and does not support the Department's position.

The petition for rehearing is denied. There is no change in the judgment.

---

\*EPSTEIN, P. J.                    WILLHITE, J.                    MANELLA, J.

2

Filed 7/27/16  (unmodified version)

<u>CERTIFIED FOR PUBLICATION</u>

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| REGINALD MITCHELL, | B265769 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC550911) |
| v. | |
| STATE DEPARTMENT OF PUBLIC HEALTH, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Yvette M. Palazuelos, Judge.  Reversed.

Ivie, McNeill & Wyatt, Rodney S. Diggs and Elvin I. Tabah for Plaintiff and Appellant.

Kamala D. Harris, Attorney General, Chris A. Knudsen, Assistant Attorney General, Gary S. Balekjian and Mark Schreiber, Deputy Attorneys General, for Defendant and Respondent

_____

Appellant Reginald Mitchell sued his former employer, respondent California Department of Public Health (the Department), for racial discrimination in violation of the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).[1] The trial court dismissed the complaint after sustaining a demurrer on the statute of limitations ground. In this appeal from the judgment of dismissal, we find the allegations of the complaint are sufficient to establish a claim of equitable tolling, and reverse.

**FACTUAL AND PROCEDURAL BACKGROUND**

Mitchell was employed by the Department as a health facilities investigator. He was the only non-white employee in his division. Mitchell resigned from the Department in 2011 after complaining to his employer that he was being discriminated against because of his race (African American). He filed his original complaint with the United States Equal Employment Opportunity Commission (EEOC). Pursuant to a work sharing agreement between the California Department of Fair Employment and Housing (DFEH) and EEOC, EEOC automatically lodged a copy of the complaint with DFEH. DFEH issued a right-to-sue notice and deferred investigation of the charges to EEOC.

The September 9, 2011 right-to-sue notice issued by DFEH stated in relevant part that "EEOC will be responsible for the processing of this complaint. DFEH will not be conducting an investigation into this matter. EEOC should be contacted directly for any discussion of the charge. DFEH is closing its case on the basis of 'processing waived to another agency.' [¶] NOTICE TO COMPLAINANT OF RIGHT-TO-SUE [¶] Since DFEH will not be issuing an accusation, this letter is also your right-to-sue notice. According to Government Code section 12965, subdivision (b), you may bring a civil action under the provisions of the [FEHA] against the person, employer, labor organization or employment agency named in the above-referenced complaint. The lawsuit may be filed in a State of California Superior Court. Government Code section 12965, subdivision (b), provides that such a civil action must be brought within one year

---

[1] All further undesignated statutory references are to the Government Code.

from the date of this notice.  Pursuant to Government Code section 12965, subdivision (d)(1), [2] this one-year period will be tolled during the pendency of the EEOC's investigation of your complaint.  You should consult an attorney to determine with accuracy the date by which a civil action must be filed.  This right to file a civil action may be waived in the event a settlement agreement is signed.  Questions about the right to file under federal law should be referred to the EEOC.  [¶] The DFEH does not retain case records beyond three years after  complaint is filed.  [¶] <u>Remember:  This Right-To-Sue Notice allows you to file a private lawsuit in State court.</u>"

EEOC issued its letter of determination on September 30, 2013, stating there was "reasonable cause" to believe Mitchell had suffered racial discrimination in violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e et seq. (Title VII)).  After conciliation efforts failed, the Department of Justice issued a federal right-to-sue notice, which Mitchell received on March 21, 2014.

Mitchell filed his FEHA civil action for racial discrimination on July 8, 2014.  This was 17 days beyond the 90-day federal right-to-sue period, which, as we shall explain, is the basis for the Department's statute of limitations defense.  In anticipation of that defense, the complaint and first amended complaint (FAC) alleged that:

- DFEH provided its right-to-sue notice (exhibit A to the FAC) on September 9, 2011, deferred investigation of the charges to the EEOC, and stated that Mitchell would have one year from the date of the notice to file a FEHA action, which "will be tolled during the pendency of the EEOC's investigation of your complaint."

---

2 Subdivision (d)(1) of section 12965 provides:  "Notwithstanding subdivision (b), the one-year statute of limitations, commencing from the date of the right-to-sue notice by the [DFEH], to the person claiming to be aggrieved, shall be tolled when all of the following requirements have been met:  [¶] (A) A charge of discrimination or harassment is timely filed concurrently with the [EEOC] and the [DFEH].  (B) [¶] The investigation of the charge is deferred by the [DFEH] to the [EEOC].  [¶] (C) A right-to-sue notice is issued to the person claiming to be aggrieved upon deferral of the charge by the [DFEH] to the [EEOC]."

- EEOC issued a letter of determination on September 30, 2013 (exhibit B to the FAC), which stated there was "reasonable cause" to believe he had suffered racial discrimination in violation of Title VII.
- The complaint was filed on July 8, 2014, within one year of the EEOC's letter of determination.

The Department demurred to the FAC on the ground that the complaint was not filed within the federal right-to-sue period. Judicial notice was taken of the date on which Mitchell received the federal right-to-sue notice (March 21, 2014), and the date when the federal right-to-sue period expired (June 19, 2014). These events are summarized in the following timeline:

- September 9, 2011 — DFEH's Right-to-Sue Notice Issued
  DFEH advised Mitchell that he had "one year from the date of this notice" to file a FEHA action, and "this one-year period will be tolled during the pendency of the EEOC's investigation of your complaint."

- September 30, 2013 — EEOC's Letter of Determination
  EEOC informed Mitchell there was "reasonable cause" to believe he had suffered racial discrimination in violation of Title VII, and that conciliation efforts would begin.

- March 21, 2014 — Federal Right-to-Sue Letter Received by Mitchell
  90-day federal right-to-sue period commenced.

- June 19, 2014 — Federal Right-to-Sue Period Ended

4

- July 9, 2014             Mitchell's FEHA Complaint Was Filed

                                                   Complaint was filed within one year of
EEOC's letter of determination, but 17 days beyond
federal right-to-sue period.

Mitchell argued the one-year limitation period of the FEHA was equitably tolled throughout EEOC's investigation, and did not expire until September 30, 2014, one year from the date of EEOC's letter of determination. Mitchell cited *Downs v. Department of Water & Power* (1997) 58 Cal.App.4th 1093, 1102 (*Downs*), which held the one-year FEHA statute was tolled "until the EEOC completes its determination," and *McDonald v. Antelope Valley Community College Dist.* (2008) 45 Cal.4th 88, 110, 111 (*McDonald*), which held that FEHA does not preclude equitable tolling during "voluntary pursuit of internal administrative remedies" and "the Legislature accepts equitable tolling under the [FEHA], including during the period when an aggrieved party's claims are being addressed in an alternate forum."

The trial court overruled the Department's demurrer.[3] In its February 10, 2015 order, the trial court, citing *Downs*' holding that all of the necessary factors for equitable tolling—timely notice to defendant, lack of prejudice to defendant, and reasonable conduct by plaintiff—were present, stated: "Here, with a delay of not even two full weeks, a reasonable good faith explanation for the delay, a seemingly valid claim for racial discrimination, and no prejudice caused to Defendant, there is no good reason not to permit equitable principles to toll the statute of limitations ever so slightly."

The Department challenged the February 10, 2015 order in a petition for writ of mandate. (No. B262452.) We issued an alternative writ of mandate, directing the trial court to vacate its order overruling the demurrer and enter a new and different order sustaining the demurrer in its entirety, or to show cause why a peremptory writ of

---

[3] The court overruled the demurrer based on the statute of limitations defense, but sustained it as to the fifth cause of action for constructive discharge.

5

mandate should not issue. (Citing § 12965, subd. (d)(2); *Downs*, *supra*, 58 Cal.App.4th 1093; *Hall v. Goodwill Industries of Southern California* (2011) 193 Cal.App.4th 718, 721, 730.)

In compliance with our alternative writ, the trial court held a noticed hearing, vacated its February 10, 2015 order, and entered a new order sustaining the demurrer without leave to amend. Mitchell moved for reconsideration, which was denied. Upon being informed of the trial court's new ruling, we dismissed the petition for writ of mandate in the B262452 proceeding as moot, and discharged the alternative writ.

The trial court entered an order of dismissal based on its new order sustaining the demurrer without leave to amend. Mitchell timely appealed.

## DISCUSSION

Mitchell contends the order sustaining the demurrer must be reversed because the complaint sufficiently alleges that the FEHA one-year limitations period was equitably tolled during the period of the EEOC investigation. We agree.

## I

A "demurrer tests the pleading alone, and not the evidence or the facts alleged. Thus, a demurrer will be sustained only where the pleading is defective on its face." (*City of Atascadero v. Merrill Lynch, Pierce, Fenner & Smith, Inc*. (1998) 68 Cal.App.4th 445, 459.) We treat the demurrer as admitting all material facts properly pleaded but not contentions, deductions or conclusions of fact or law. We accept the factual allegations of the complaint as true and also consider matters which may be judicially noticed. (*First Nationwide Savings* v. *Perry* (1992) 11 Cal.App.4th 1657, 1662.)

The statute of limitations defense "'may be asserted by general demurrer if the complaint shows on its face that the statute bars the action.' (1 Schwing, Cal. Affirmative Defenses (2007) Statute of Limitations, § 25:78, p. 1609, fns. omitted; see *Bennett v. Hibernia Bank* (1956) 47 Cal.2d 540, 550.) There is an important qualification, however: 'In order for the bar of the statute of limitations to be raised by

6

demurrer, the defect must clearly and affirmatively appear on the face of the complaint; it is not enough that the complaint shows merely that the action may be barred.' (*McMahon v. Republic Van & Storage Co., Inc*. (1963) 59 Cal.2d 871, 874; see also, e.g., *Geneva Towers Ltd. Partnership v. City and County of San Francisco* (2003) 29 Cal.4th 769, 781.) 'The ultimate question for review is whether the complaint showed *on its face* that the action was barred by a statute of limitations, for only then may a general demurrer be sustained and a judgment of dismissal be entered thereon.' (*Moseley v. Abrams* (1985) 170 Cal.App.3d 355, 358.)" (*E-Fab*, *Inc. v. Accountants*, *Inc. Services* (2007) 153 Cal.App.4th 1308, 1315–1316.)

## II

EEOC and DFEH have a work-sharing agreement that has resulted in a common fact pattern: an employee files his or her original complaint with the EEOC; the EEOC automatically files a copy of the complaint with the DFEH, following which DFEH, without investigating, summarily issues a right-to-sue letter and defers investigation of the complaint to the EEOC.

Normally, the employee must file his or her civil action under FEHA within one year of the DFEH's right-to-sue notice. (§ 12965, subd. (b).) But the FEHA limitation period may be equitably tolled during the period of the EEOC investigation. (*Downs*, *supra*, 58 Cal.App.4th 1093, 1102.) Equitable tolling is a judicially created doctrine that requires "a showing of three elements: 'timely notice, and lack of prejudice, to the defendant, and reasonable and good faith conduct on the part of the plaintiff.' [Citations.]" (*McDonald*, *supra*, 45 Cal.4th at p. 102.)

Tolling the FEHA limitation period while the employee awaits the outcome of an EEOC investigation furthers several policy objectives: (1) the defendant receives timely notice of the claim; (2) the plaintiff is relieved of the obligation of pursuing simultaneous actions on the same set of facts; and (3) the costs of duplicate proceedings often are avoided or reduced. (*Downs*, *supra*, 58 Cal.App.4th at pp. 1100–1101.)

In *Downs,* the leading case, the statute of limitations was equitably tolled from March 15, 1993, the date of the DFEH's right-to-sue notice, to September 29, 1995, the date of the EEOC's right-to-sue notice. (*Downs*, *supra*, 58 Cal.App.4th at pp. 1097–1098.) Tolling was appropriate in that case because the plaintiff "promptly" filed the FEHA action within three months of receiving the federal right-to-sue letter. (*Id.* at p. 1102.)

According to *Downs*, "[w]hen a charge of discrimination or harassment is timely filed concurrently with the EEOC and the DFEH, the investigation of the charge is deferred by the DFEH to the EEOC under a work-sharing agreement, and the DFEH issues a right-to-sue letter upon deferral, then *the one-year period to bring a FEHA action is equitably tolled during the pendency of the EEOC investigation until a right-to-sue letter from the EEOC is received.*" (*Downs*, *supra*, 58 Cal.App.4th at p. 1102, italics added.)

In *Salgado v. Atlantic Richfield Co.* (9th Cir. 1987) 823 F.2d 1322, cited with approval in *Downs*, the plaintiff filed his FEHA action within four months of the federal right-to-sue letter, but more than one year after the DFEH's right-to-sue letter. (*Id.* at p. 1325, 1326) Because the FEHA one-year limitation statute was equitably tolled until the federal right-to-sue letter was issued, the complaint was timely. (*Id.* at p. 1325.) Tolling was appropriate in that case because the plaintiff "was simply awaiting the outcome [of the EEOC investigation]. If there is an established administrative mechanism in place to give notice to employers charged with a violation and to undertake efforts at conciliation, it would be anomalous indeed to hold that a claimant, whose use of this mechanism put him outside the relevant time period, could not have that period equitably tolled. Under these circumstances, we think the tolling of the one-year statute of limitations found in § 12965(b) is consistent with the specific purposes of that time period." (823 F.2d at pp. 1326–1327; see *EEOC v. Farmer Bros. Co.* (9th Cir. 1994) 31 F.3d 891, 902–903 [reaffirming *Salgado* and holding that as a result of equitable

8

tolling during EEOC's investigation, plaintiff's FEHA action was timely even though filed more than four years after DFEH's right-to-sue notice].)[4]

## III

The Legislature adopted the holding in *Downs*. Subdivision (d) of section 12965 (added by Stats. 2002, ch. 294) "is intended to codify the holding in *Downs*[, *supra*,] 58 Cal.App.4th 1093." (§ 12965, subd. (d)(3); also see *McDonald, supra*, 45 Cal.4th at pp. 109–110 [Legislature expressly adopted equitable tolling rule of *Downs*].)

Subdivision (d)(1) of section 12965 tolls FEHA's one-year limitation statute when all of the following requirements are met: (1) concurrent charges of discrimination or harassment are filed with EEOC and DFEH; (2) DFEH defers investigation of the charges to EEOC; and (3) DFEH issues a right-to-sue notice upon deferral of the charges to the EEOC. Under subdivision (d)(2), "[t]he time for commencing an action for which the statute of limitations is tolled under paragraph (1) expires when the federal right-to-sue period to commence a civil action expires, or one year from the date of the right-to-sue notice by the [DFEH], whichever is later."

Read together, these provisions toll the FEHA limitations period if the FEHA action is filed within the federal right-to-sue period. Thus, subdivision (d)(2) grants the plaintiff who complies with the federal right-to-sue period the benefit of statutory tolling without having to meet the equitable tolling requirement of reasonable and good faith conduct (see *McDonald*, *supra*, 45 Cal.4th at p. 102).

Although Mitchell did not file his complaint within the federal right-to-sue period, and hence is not entitled statutory tolling under subdivision (d)(2) of section 12965, he is eligible for equitable tolling under *Downs*.

## IV

---

[4] Although federal district court rulings are not binding on this court, California courts "frequently turn to federal authorities interpreting Title VII of the Civil Rights Act of 1964 . . . for assistance in interpreting the FEHA . . . ." (*Miller v. Department of Corrections* (2005) 36 Cal.4th 446, 463.)

The Department argues that Mitchell is not entitled to equitable tolling because he did not pursue an alternate remedy after the federal right-to-sue notice was issued.[5]  It contends that equitable tolling "generally requires a showing that the plaintiff is seeking an alternate remedy in an established procedural context.  [Citations.]"  (*Acuna v. San Diego Gas & Electric Co.* (2013) 217 Cal.App.4th 1402, 1416.)  But Mitchell *did* pursue an alternate remedy with EEOC.  Because *Acuna* involved a different fact pattern— concurrent charges were not filed with DFEH and EEOC, and DFEH did not defer the investigation to EEOC upon issuing its right-to-sue letter—it is not applicable to this case.

*Wagner v. Wal-Mart Stores*, *Inc.* (N.D. Cal. Oct. 16, 2013, No. 13-cv-03475-NJV) 2013 WL 5645169 fits the fact pattern of this case.  In *Wagner*, the plaintiff filed a FEHA action within one year of receiving the federal right-to-sue notice, but one week past the federal right-to-sue period.  The defense moved to dismiss (Fed. Rules Civ. Proc., rule 12(b)(6)), arguing that under subdivision (d)(2) of section 12965, failure to file within the federal right-to-sue period rendered the FEHA action untimely as a matter of law.  The plaintiff raised equitable tolling and cited the right-to-sue notice from DFEH, which stated:  "'Pursuant to Government Code section 12965, subdivision (d)(1), this one-year period will be tolled during the pendency of the EEOC's investigation of your complaint.'"  The district court granted the motion to dismiss without prejudice so that the plaintiff could file an amended complaint.  The court agreed with the plaintiff that FEHA actions are subject to equitable tolling, but held that even if two of the requirements for equitable tolling were satisfied (timely notice and lack of prejudice to

---

[5] The Department also raises a claim of forfeiture based on Mitchell's purported lack of written opposition to the trial court's proposed decision (in response to our alternative writ of mandate) to vacate its February 10, 2015 order.  The cases cited by the Department are distinguishable.  In *Bell v. American Title Ins. Co.* (1991) 226 Cal.App.3d 1589, 1602, for example, the motions "to preclude opt outs" were never opposed in the trial court, and because appellants "failed to appear at the hearing, either to contest the opt-out issue or to argue that the court should consider their untimely written opposition," they were granted without opposition.  Similarly, in *In re Marriage of Eben-King & King* (2000) 80 Cal.App.4th 92, 117, appellant tried to raise issues for the first time on appeal that were "never raised in the trial court below."  That is not the situation here, and the doctrine of forfeiture is inapplicable to these facts.

10

defendants), the third (good faith and reasonable conduct by plaintiffs) was not: "At the hearing, the only explanation Plaintiff's counsel offered for the delay was that he did not see the right to sue notice until he received the file. He did not explain what his client did upon receiving the notice or what actions his client took in reliance upon the notice."

The right-to-sue notice by DFEH in this case is similar. It also stated that the "one-year period *will be tolled* during the pendency of the EEOC's investigation of your complaint." (Italics added.) Although the DFEH notice warned Mitchell to seek legal advice in order to "determine with accuracy the date by which a civil action must be filed," we conclude that admonition, by itself, is insufficient to eliminate application of the equitable tolling doctrine.

The term "tolled" in the context of the statute of limitations is commonly understood to mean "suspended" or "stopped." As our Supreme Court has explained, when a statute of limitation is tolled, "the limitations period *stops running* during the tolling event, and begins to run again only when the tolling event has concluded. As a consequence, the tolled interval, no matter when it took place, is tacked onto the end of the limitations period, thus extending the deadline for suit by the entire length of time during which the tolling event previously occurred." (*Lantzy v. Centex Homes* (2003) 31 Cal.4th 363, 370–371.)

The complaint alleges sufficient facts to plead the third requirement of equitable tolling—reasonable and good faith conduct by the plaintiff. In this regard, the "FEHA itself requires that we interpret its terms liberally in order to accomplish the stated legislative purpose. (Gov. Code, § 12993, subd. (a) . . . .) In order to carry out the purpose of FEHA to safeguard the employee's right to hold employment without experiencing discrimination, the limitations period set out in the FEHA should be interpreted so as to promote the resolution of potentially meritorious claims on the merits." (*Romano v. Rockwell Internat., Inc.* (1996) 14 Cal.4th 479, 493–494.) EEOC's finding of "reasonable cause" is a significant factor in favor of reaching the merits, particularly in light of a lack of prejudice to the Department, which had timely notice of administrative charges based on the same set of facts.

11

Further, at the pleading stage, the allegation that DFEH—the agency responsible for enforcing the FEHA—issued a right-to-sue notice containing a statement that the "one-year period *will be tolled* during the pendency of the EEOC's investigation of your complaint" (italics added), is sufficient to support an inference of the employee's reasonable and good faith reliance upon that statement. Whether this inference is disproven at a later date is an issue of fact; we deal here with an issue of pleading.

Because the complaint alleges sufficient facts to support the initial application of the doctrine of equitable tolling, the order sustaining the demurrer must be reversed. (See *E-Fab*, *Inc. v. Accountants*, *Inc. Services*, *supra*, 153 Cal.App.4th at pp. 1315–1316.)

## DISPOSITION

The judgment of dismissal is reversed. The first amended complaint is reinstated. Mitchell is entitled to costs on appeal.

<u>CERTIFIED FOR PUBLICATION</u>

EPSTEIN, P. J.

We concur:

WILLHITE, J.

MANELLA, J.

12